NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-GATE.—May, July, 1883.

SCHLEGEL V. WINCKEL.

*In the matter of the judicial settlement of the account of* JACOBINA WINCKEL, *as executrix of the will of* WILLIAM WINCKEL, *deceased.*

The provision of Code Civ. Pro., § 2726, that "upon the presentation of such a petition" as is therein described, "a citation must be issued accordingly," implies that the citation should follow the prayer of the petition, *i. e.*, direct the party cited to show cause "why he should not render and settle his account," or why he should not file his account for "judicial settlement."

Where an executor files an account in obedience to a citation, issued at the instance of a creditor, and requiring him to show cause why he should not "render an account of his proceedings," the same is not in a condition to be judicially settled.

A Surrogate may issue the "supplemental citation" specified in Code Civ. Pro., § 2727, only "upon the return of a citation issued as prescribed in" id., § 2726, *i. e.*, one calling for a judicial settlement of an account.

A judicial settlement of the account of an executor, etc., can be had in either of only two ways : (1) upon petition of a creditor or person interested, under Code Civ. Pro., § 2726, or (2) upon a petition by the accounting party, under id., § 2729.

A formal order need not be entered granting a creditor's petition for the judicial settlement of the account of an executor, etc., where, in response to the citation, the latter files his account.

PETITION by Charles A. Schlegel, an alleged creditor of decedent's estate, to compel an accounting by

Jacobina Winckel, as executrix of decedent's will. The facts appear sufficiently in the opinion.

H. J. SCHENCK, *for petitioner.*

TOWNSEND, DYETT & EINSTEIN, *for executrix.*

THE SURROGATE.—In the course of proceedings instituted in this court, upon the petition of Charles A. Schlegel, claiming to be a creditor of William Winckel's estate, his executrix, in November, 1882, submitted an account, which is now on file. In February, 1883, Schlegel presented a second petition, praying that certain persons (naming all the various persons interested in the estate, including Jacobina Winckel, "individually and as executrix") be cited and required to "*attend the accounting* of the said Jacobina Winckel, as said executrix." The petition continued in these words: "Your petitioner further prays for a judicial settlement of the account of said executrix, for distribution to the said creditors, and for such other or further relief as may be proper." A citation was thereupon issued, which conformed in part only to the prayer of this petition. It simply directed that the parties "*attend the accounting* of the said Jacobina Winckel as executrix."

It is claimed by the petitioner Schlegel that, by the filing of his original and supplemental petitions, and by the issuance and service of the citations pursuant thereto, this account is now before the court for judicial settlement, and that proper steps have been taken to justify the Surrogate in directing the distribution, among the persons entitled, of the balance which such

account shows to be in the hands of the executrix. The petitioner, in support of this claim, relies upon § 2727 of the Code of Civil Procedure.

The authority to issue a supplemental citation, for the purposes specified in that section, is not without its limitations. It arises "upon the return of a citation issued as prescribed in either of the foregoing sections of this article" (that it is of art. 2 of tit. 4 of chap. 18).

Upon examination, it will appear that only one of those sections contains any direction for the issue of citations. Section 2726 declares that, in certain prescribed cases, a petition praying for the judicial settlement of an account, and that the executor or administrator may be cited to show cause why he should not render and settle such account, may be presented by a creditor or person interested, etc. This section directs that a citation must thereupon be issued "*accordingly*," which means, I take it, that the citation must direct the party cited to show cause why he should *not render and settle his account*, or why he should not file his account for *judicial settlement*. Now, the citation which led to the filing of the account here under consideration, simply required the executrix to show cause why she should not *render an account of her proceedings*. Such a citation is not in conformity with § 2726, and an account filed in obedience thereto is not in condition to be "*judicially settled*." Such "*judicial settlement*" can be had only by the adoption of one or the other of two modes of procedure.

There must be either (*a*) a petition for such judicial settlement on the part of the accounting party (§ 2729),

or (b) a similar petition by a creditor or a person interested in the estate, etc. (§ 2726, *ante*).

Schlegel's original petition, when taken in connection with the citation issued thereon, called for that species of an accounting which the Code styles "intermediate," as distinguished from an accounting which is designed to be the subject of judicial settlement. His second petition, and the citation pursuant thereto, do not serve to transform the original proceeding into a proceeding for judicial settlement, and for any other purpose they are equally ineffective. The supplemental petition must, therefore, be dismissed, but without costs, and with leave to the petitioner, if he shall be so advised, to take the requisite steps for compelling a judicial settlement.

On July 19th, 1883, the following opinion was filed in the same matter :

THE SURROGATE.—Charles A. Schlegel filed a petition on the 18th of May last, upon which a citation was issued to the executrix of this decedent, directing her to appear and show cause why she should not render and settle her account. In pursuance of the prayer of that petition, citation was duly issued and served. On June 13th, 1883, the executrix filed her account. A supplemental citation was subsequently issued, for the bringing in of other parties interested. These proceedings seem to have been conducted in accordance with the requirements of the Code of Civil Procedure. No formal order need be entered, granting the prayer

of the petition.   For it was in response to that peti-
tion that the executrix, on the 13th of June, filed her
account.