KEEGAN et al. v. SMITH et al.

McMAHON et al. v. SAME.

(City Court of New York, Trial Term.  June 1, 1896.)

1. EXECUTORS AND ADMINISTRATORS—LIABILITY OF SURETY—DEBTS OF ADMINIS-
TRATOR.
    Though a debt due by an administrator to decedent is chargeable in his accounts, and will be regarded as money in his hands for the purpose of administration, it is not a debt for which the sureties on the administrator's bond may be held liable.

2. SAME—EFFECT OF ACCOUNTING AS AGAINST SURETY.
    Under Laws 1894, c. 421, amending Code Civ. Proc. § 2728, so as to require the sureties of an administrator to be cited on an accounting, a decree rendered on an accounting is not binding on the administrator's sureties unless they were cited.

Actions by James Keegan and others against John Smith and others and by Dennis McMahon and others against the same defendants. Dismissed.

Dennis McMahon, for plaintiffs.

Andrew M. Clute, for defendants.

VAN WYCK, C. J.   These two actions were tried by consent upon the same proof, by the court, without a jury, and Smith alone appeared and defended.   He is sued as a surety on the official bond of Michael Keegan, who was in February, 1893, appointed administrator of the estate of his sister Jane, who died unmarried in the previous month.   Another of her brothers, James Keegan, under section 2727, Code, petitioned the surrogate to issue a citation to the administrator, who had failed to file an account, although more than 18 months had elapsed since his appointment, to show cause why he should not be compelled to render his account, and have the same judicially settled; and the administrator was alone so cited, and thereafter he filed his account, in which he charged himself as having collected the money left by decedent in her savings bank, amounting in cash to $579.35, and credited himself with $390, as properly disbursed by him for undertaker's, funeral, and church services.   The petitioner, by his attorneys, McMahon et al., who are plaintiffs in one of these actions, filed objections to this account,— that the disbursements of $390 were excessive, and that the administrator had failed to charge himself in the account with a just debt due by him to the decedent in her lifetime.   This account and the objections were referred by the surrogate to one Bradley, and one Bonynge, as stenographer, took notes of the minutes at the hearings before the referee.   The petitioner, by his attorneys, made proof

before the referee that the decedent had obtained on October 5, 1888 (four years before her death), against the administrator, three judgments, aggregating $593.26, and, with interest, amounting to $821.53; that these judgments remained unsatisfied of record; that, during decedent's lifetime, her attorney had made ineffectual efforts to collect the same, or any part thereof; and that the same still remained wholly unpaid,—but did not make the slightest effort to prove that these judgments were collectible. So that the only issues tried on this reference were whether the item of disbursement of $390 was reasonable and proper, and whether the administrator was indebted to the estate upon these judgments recovered by decedent against him, in her lifetime; and the referee reported that he was so indebted, and that his disbursements should be reduced by two items, $19 and $46.63,—$65.63, which deducted from $390 left $324.37, as properly disbursed and credited to him in his account. The administrator had received in cash $579.35, from which deduct the $324.37 as allowed, and there will still be a cash balance in his hands of $254.98, to which add $821.23, which must be charged in his account as a debt due by him to the decedent in her lifetime, and his account will show a nominal balance of $1,076.51 in his hands. However, the liability of the sureties on the administrator's bond is entirely different as to these two items of $254.98 and $821.23. The action of James Keegan et al. is by four of the five next of kin of the decedent against Smith, as surety on the bond of the administrator, who is also the other next of kin, and is based upon the decree entered upon the referee's report, and which decree purports to be a final judicial settlement of the administrator's account, and decrees the final distribution of the decedent's entire estate, although no one was cited upon this special proceeding except the administrator, who is one of five of decedent's next of kin, and no one appeared except him and the petitioner, another next of kin. The decree, after judicially settling the account by charging the administrator with the balance of cash of $579.35 and with $821.23, as "an indebtedness to the estate for judgments recovered by decedent against the administrator in her lifetime," and crediting him with the $324.37, directs a final distribution of the balance of $1,076.51 by the administrator as follows: First, to the referee, $75, and to the stenographer, $80.20; second, to McMahon et al., attorneys for the petitioner and his brother Joseph, as costs and allowance, $121.99; third, to distribute the residue of said estate among James (the petitioner), Michael (the administrator), and Joseph Keegan, and Margaret and Edward Riggs, the next of kin of deceased. There is no specific direction as to how much is to be paid to each, or as to how much each is entitled to, or as to whether Margaret and Edward Riggs are children of a deceased sister, and only entitled to her share of Jane Keegan's estate. The sums directed to be paid to the referee, the stenographer, and petitioner's attorneys, amounting in aggregate to $277.19, exceeds by $22.21 the cash balance of $254.98 in the administrator's hands. These sums must be paid, if at all, before distribution to next of kin; and this would leave only $799.32 of the $821.53 charged as a debt due by administrator to decedent during

her life, to be so distributed. The petitioner's attorneys obtained and filed with the county clerk a transcript showing a judgment perfected by the decree in favor of James and Joseph Keegan and Margaret and Edward Riggs (the plaintiffs in this action) and Michael Keegan against Michael Keegan, as administrator of Jane Keegan, deceased, for $799.32, and issued, under Code, § 2554, an execution thereon to the sheriff against the administrator, to enforce the payment to plaintiffs of $639.20, or four-fifths of the total amount directed to be paid to next of kin; but it does not appear whether plaintiff's shares amount to four-fifths or to three-fourths. This execution against the administrator was returned wholly unsatisfied; and the four next of kin (plaintiffs) bring this action, under Code, § 2607, against Smith, as surety on the administrator's bond.

It must be conceded that under 2 Rev. St. p. 84, § 13, an administrator, by decree in a proper special proceeding, must be charged in his account with a debt due by him to decedent in her lifetime; and, although such debt must be treated as money in his hands for the purpose of administration, it will not, for all purposes, stand on the same footing as if he had actually received so much money, and, if wholly unable to pay the money as directed by a decree, he will not be punished for contempt, as he could be if he had actually received the money from some other debtor. Baucus v. Stover, 89 N. Y. 1, in which it is said:

"Whether his sureties could be held for such debt as so much money actually received by him we are not now called upon to determine, and do not determine."

However, the court of appeals has since held that his sureties could not be held for such debt in the action in which the sureties were sued, and such action against them was dismissed. See Baucus v. Barr, 107 N. Y. 624, 13 N. E. 939, which affirmed same case in 45 Hun, 582, on the opinion of general term, which says:

"The surrogate, following the decision of the court of appeals [Baucus v. Stover, 89 N. Y. 1], has ordered that the executor do apply and distribute the amount due upon the note as part of the personal estate of the testator. As he can do nothing of the kind, and legal remedies against him have proved unavailing, this action is brought against his sureties. The sureties are not liable, and judgment must pass in their favor."

In the case at bar it appears on the face of the decree that the next of kin (plaintiffs) can have resort only to the debt due by the administrator to decedent during her lifetime, for payment of their distributive shares of her estate, and against that they have exhausted their remedy by execution returned unsatisfied, but may still pursue the administrator by supplementary proceedings. Moreover, such a decree as the one under which they issued execution, and now sue the surety, does not now bind the sureties on an administrator's official bond. It must be remembered that prior to September, 1893 (chapter 252, Laws N. Y. 1893, and chapter 421, Laws N. Y. 1894), it was not necessary for an executor or administrator who sought a judicial settlement of his account by decree, under sections 2728 and 2729 of the Code, to cite his sureties; although he was always required to cite next of kin, legatees, creditors, etc.;

and the decisions prior to that date adjudicating an estoppel against sureties by such decrees must be considered in view of the fact that sureties were not then necessary parties to the special proceeding in which such decrees were made.     But now, upon a voluntary petition by an administrator for a judicial settlement of his account, his sureties must also be cited, under section 2728 of the Code.   In these cases at bar, one of five next of kin petitioned, under section 2727, for a citation to issue to the administrator alone, who had failed to file an account, although 18 months had elapsed since his appointment, to show cause why he should not be compelled to file his account, and have the same judicially settled; and this section provides that if, upon the return of such a citation, the administrator fails either to appear or to show good cause to the contrary, or to present, in a proper case, a petition, as prescribed in section 2728, an order must be made directing him to account within such a time and in such manner as the surrogate prescribes, and this section further provides:

"If it appears that there is a surplus, distributable to creditors or persons interested, the surrogate, at any time, may issue a supplemental citation, directed to the persons who must be cited, on the petition of an executor or administrator for a judicial settlement of his account, and requiring them to attend the accounting."              ·

This provision last quoted from section 2727 first appeared in Throop's Code of 1884, as the last sentence of section 2727, and his note thereto says:

"The last sentence is new.   It appeared to be necessary because the former statute contained no provision for citing the persons entitled to the surplus, unless the executor or administrator voluntarily presented a petition for a settlement.. It is manifestly improper that a distribution should be made without giving them an opportunity to be heard."   Dayt. Sur. 451, 461.

And section 2728 provides that the sureties, etc., must be cited on a voluntary petition by the administrator for judicial settlement of his account.   And section 2743 says:

"Where an account is judicially settled, as prescribed in this article [sections 2722–2748], and any part of the estate remains, and is ready to be distributed to the creditors, next of kin, &c., the decree must direct the payment and distribution thereof to the persons so entitled, according to their respective rights.   If any person, who is a necessary party for that purpose, has not been cited, or has not appeared, a supplemental citation must be issued, as prescribed in section 2727 of this act."

No one was cited or appeared in the special proceedings before the surrogate in which the decree was entered directing a judicial settlement of the administrator's account, and directing a final distribution of decedent's entire estate, except the petitioner and the administrator, and possibly the brother Joseph; at most, only three of five next of kin.   The remaining next of kin, the creditors, if any (no proof having been that there were none, or that they had been advertised for), and this surety, Smith, the defendant, are not bound by that decree.   Browning v. Vanderhoven, 4 Abb. N. C. 166.   This was an action by the attorney of a petitioning creditor upon the surrogate's decree awarding him an allowance of $70 against the sureties on the administrator's bond; and Barrett, J., in directing judg-

ment for defendants, with costs, and holding that the allowance by the surrogate was without jurisdiction, said:

"The question remains as to whether these sureties can take the objection. The object of the statute [Laws 1870, c. 359, § 1] appears to be to place the surrogate's court, in this matter of jurisdiction, upon the same plane as courts of general jurisdiction. Under this section, the remedy of the administrator was probably limited to an appeal. The sureties, however, were not parties to the record, and could take no appeal. It is doubtful whether they could move the surrogate, and, in case of his adherence to the original judgment, obtain a review by appeal from the denial of their motion. Be that as it may, the legislature never intended, as to the parties dehors the record, to overturn the general policy of the law, which allows the fullest inquiry into jurisdiction."

And see Schlegel v. Winckel, 2 Dem. Sur. 232, as to the necessity of a proper supplemental citation, under section 2727, before decreeing distribution on petition of a creditor.

The decree upon which both plaintiffs sue awarded the referee and stenographer $155.20, and the plaintiffs McMahon et al., the petitioner's attorneys, $121.99,—making $277.19, which would fully exhaust the cash balance of $254.98, the only available asset in the administrator's hands; and it is fair to assume that if the sureties and next of kin and creditors, if any, not cited, had appeared and objected, these allowances, if made, would have been much smaller; and, as they were not cited, they still have the right to have their objections heard.

The complaint in the action of Keegan et al., the next of kin, plaintiffs, against Smith, as surety, defendant, is dismissed, with costs and extra allowance of 5 per cent. on plaintiffs' claim to said defendant; and so, too, the complaint in the action of McMahon et al., plaintiffs, against Smith, as surety, defendant, is dismissed, with costs and extra allowance of 5 per cent on plaintiffs' claim to said defendant. An exception on behalf of the plaintiffs in both actions is noted to this decision, and a stay of execution is granted such plaintiffs of 30 days after notice of entry of judgments.