Lynch, Appellant, vs. Divan, Executor, etc., Respondent.

*September 3 — September 21, 1886.*

Estates of Decedents. *(1) Debt due from executor: Inventory: Estoppel. (2) Appeal from county court: Form of judgment.*

1. The fact that an executor has included in the inventory notes or other claims against himself, does not estop him to deny his indebtedness thereon, or authorize the court to treat such claims as moneys in his hands which he may be required summarily to pay over.

2. An order requiring an executor to pay in full a claim against the estate, being reversed in the circuit court, it was not error, under sec. 4037, R. S., to remand the record to the county court "for further proceedings according to law."

APPEAL from the Circuit Court for *Green* County.

Mary Divan died testate, probably in 1883, and the respondent, *Emanuel Divan*, the son of the testatrix, who was named in her will as the executor of her estate, duly qualified as such executor, November 20, 1883. He filed in the county court an inventory of the assets of the estate, verified by his affidavit. The only property thus inventoried is described therein as follows: "I gave my note to Mother Divan, May 7, 1869, due in two years, without interest, for the sum of $438; rent from 1868 to 1877, inclusive, at $40 per annum, paid each year=$400; rent for 1878, $41; rent for 1879, $41; rent for 1880, $40; rent for 1883, $41; interest on the above, $1=$1,001. One note Walter Divan, $200." The verification of the inventory is to the effect that it contains a just and true statement of all the property of the testatrix which has come to the possession or knowledge of the affiant. It does not appear that any appraisal of the estate was ever made, or any account of the executor ever settled or rendered.

Subsequently the county court allowed a claim of *S. P. Lynch* against the estate of the testatrix for $787.95, and cited the executor to show cause why he did not pay the same. To this order the executor answered that he had not sufficient funds of the estate in his hands, as executor, to pay the claim, and that the demands of the estate against him on the note, and for the rent received by him before 1878, are barred by the statute of limitations.

The county court made an order requiring the executor to pay the claim of *Lynch* in full. On appeal, the circuit court reversed such order, and remanded the case to the county court for further proceedings according to law. The claimant, *Lynch*, appeals from the order or judgment of the circuit court.

For the appellant there was a brief by *P. J. Clawson*, attorney, and *John Winans*, of counsel, and oral argument

by *Mr. Clawson.* They contended, *inter alia,* that the judgment of the circuit court was fatally defective in that it did not comply with sec. 4037, R. S., and remit the cause to the county court for further proceedings *in pursuance of the opinion of the circuit court.*

For the respondent there was a brief by *A. S. Douglas,* attorney, and *Ogden H. Fethers,* of counsel, and oral argument by *Mr. Fethers.* They argued, among other things, that until an appraisal had been had under sec. 3821, R. S., no further valid proceedings could be had. An inventory and appraisal is only *prima facie* proof of the amount of property belonging to an estate, and is not conclusive either for or against an executor. *Cameron v. Cameron,* 15 Wis. 1; Schouler on Ex'rs, sec. 233; *Weed v. Lermond,* 33 Me. 492; *Hilton v. Briggs,* 54 Mich. 265; *Willoughby v. McCluer,* 2 Wend. 408; Gary's Prob. Law, sec. 355. An executor is not bound to attempt the collection of bad debts. *Griswold v. Chandler,* 5 N. H. 492; *Sanborn v. Goodhue,* 28 id. 48; *Hepburn v. Hepburn,* 2 Bradf. Surr. 74.

LYON, J. The order of the county court requiring the executor to pay the claim of *Lynch* was not authorized by law. The note, and the claim of the estate against the executor for rent received by him, were merely choses in action, or property of the estate, upon which the executor might or might not be indebted; and it was the clear duty of the executor to include them in his inventory, whether he recognized them as valid claims against him or not. By so doing he admitted the existence of the note, and the receipt of the rent as therein stated; but he did not thereby admit that he owed the estate anything on account of either, or estop himself to deny his present indebtedness thereon. A defense to these claims has no proper place in the inventory. Whether he was the debtor of the estate on either account could only be determined in some legal proceeding

appropriate to that end. Unless the county court was satisfied that the claims of the estate against the executor could not be enforced, it should have removed him and appointed a competent administrator, who should have been required to bring suit against the late executor on the note and for the rent. Such is still the proper practice if the county court thinks the claims are valid and collectible; but before such suit is brought, the county court may and probably should require the appellant, *Lynch*, to indemnify the administrator against the costs and expenses of the litigation.

Whatever effect may be given to the inventory and verification thereof as admissions of the executor, in no view of the case can the demands of the estate against the executor properly be regarded as moneys in his hands as executor, which the court may, by summary order, require him to pay over. They accrued in the life-time of the testatrix, and at most are debts against him which must be collected in the same manner as a debt owing by any other person to the estate. Should the order of the county court be upheld, the executor would be liable to be attached and imprisoned for non-compliance therewith. This would be imprisonment for debts arising *ex contractu*, which our constitution forbids. Art. I, sec. 16.

The order or judgment of the circuit court was criticised in the argument of counsel, because it merely remands the record to the county court "for further proceedings according to law," and fails to direct what such proceedings shall be. No further proceedings in the matter of the reversed order of the county court could be taken. It was unauthorized, and all the circuit court could do with it was to reverse it, and thus eliminate it from the proceedings. The formula above quoted is a mere direction to the county court to proceed in the administration and settlement of the estate as the law requires. The form of the judgment is sufficient.

*By the Court.*— The judgment of the circuit court is affirmed.