ESTATE OF ROBINSON, Respondent, vs. HODGKIN, Executor, Appellant.

*March 26 — April 12, 1898.*

*Estates of decedents: Accounting by executor: Appeal.*

1. The fact that a testator has made his debtor the executor of his will does not discharge the debt, if the creditors of the estate will be injured thereby, or if the will shows any intention to the contrary.   The debt will be deemed assets in the hands of the executor, as if the money had been paid to him, and he cannot escape liability therefor by failing to charge himself with it in his in-

ventory.    Expressions to the contrary in *Lynch v. Divan*, 66 Wis. 400, disapproved.

2. Upon an accounting by an executor as to an estate which consisted in part of a lease of a homestead and a lot adjoining it on which was a saloon, for a gross sum, *held*, that the practical construction put upon it by the testator and the tenant and the executor, in considering the value of the rental of the saloon to be one half of that gross sum, should be placed upon it by the court and the executor be charged with one half that sum.

3. On appeal in the matter of an accounting by an executor, an order that he charge himself with an error in the footings of his account was reversed, no such error appearing in the record.

4. Where the executrix of one estate contested the final account of the executor of another estate, claiming the right to do so as a creditor, not in her own name as personal representative, but in the name of the "estate" represented by her, *held*, that the error was immaterial.

APPEAL from a judgment of the circuit court for Fond du Lac county: N. S. GILSON, Circuit Judge.    *Affirmed in part; reversed in part.*

This is an appeal from a judgment correcting and surcharging an executor's final account.    It appears by the evidence that Herman Hodgkin died at Fond du Lac, July 8, 1893, leaving a will devising his property, real and personal (after payment of his debts), to the appellant, *Horace Hodgkin,* who afterwards probated the will and accepted the trust. The testator left two heirs at law, viz. the said *Horace Hodgkin,* his son, and one *Mrs. Selina Robinson,* his daughter. The testator's property consisted of a small homestead and a small lot adjoining, with a saloon building upon it; also a small amount of personal property.    Among the personal property was a note executed by *Horace Hodgkin,* dated October 29, 1892, for $240, with a payment of $25 indorsed thereon.

There was testimony to the effect that shortly before his death the testator told his granddaughter, Mrs. Annette Brown, that he wanted her to have everything in his room,

and that the note was then in his room, with other papers. No delivery of any kind was made, however, and Mrs. Brown took none of the papers or property before the testator's death, but afterwards took the papers, including the note. Some months afterwards, however, upon advice of counsel, she surrendered the papers and note to the appellant as executor, and he has ever since retained them. The executor did not include the note in his inventory. During the settlement of the estate, S. P. Robinson (husband of *Selina*) presented a large claim against the estate. It was contested, and the trial resulted in a judgment for Robinson of over $900 in May, 1895. S. P. Robinson died testate in October, 1895, and *Selina* became the duly-qualified executrix of the will. No part of the judgment has been paid.

March 23, 1896, the appellant, *Hodgkin*, presented his final accounts as executor, showing a balance in his hands of $85.55. Objections were filed to this account by the "Estate of S. P. Robinson," claiming that the executor should charge himself with his note of $215 and interest; also with $8 per month for rental received from the saloon, instead of $5 per month as charged in the account; also with some other items unnecessary to be stated. The county court found against the executor, and surcharged the account to the amount of the note and the rental, and also charged the executor with $50 error in footing the account. Upon appeal the circuit court came to the same conclusions as the county court, except as to one item of $15, and surcharged the account in the same respects, and also taxed costs against the executor personally. From this judgment the executor appealed.

For the appellant there was a brief by *Martin & Gooding*, and oral argument by *Maurice McKenna*.

For the respondent the cause was submitted on the brief of *Elihu Colman*.

WINSLOW, J.   There is but one serious question arising in this case, and that is whether the executor should be charged with his own note, given to the deceased in his lifetime.   The note was in the possession of the deceased at the time of his death, and afterwards came to the hands of the executor, but he did not include it in the inventory, nor did he charge himself with it in his final account.   It may be inferred from these facts that the executor claims that this note has been paid, or that he has some defense to it, although no such claim is directly made in any pleading in the case.   It is enough to say that the evidence amply justifies the finding that the note belonged to the estate, and had not been paid except as to the $25 payment indorsed upon it.   But it is said that it cannot be regarded as money in the hands of the executor, nor charged against him upon the accounting, but that the question whether the executor was a debtor of the estate could only be determined in some direct proceeding brought against him, and reliance is placed upon the case of *Lynch v. Divan*, 66 Wis. 490, to support this contention.

When a creditor makes his debtor the executor of his will, the right of action for the debt is said to be discharged, for the reason that the executor cannot sue himself.   But, while this is so, the debt itself cannot be said to be discharged in any case where creditors of the estate will be prejudiced, nor where the will shows an intention that the debtor is not to be discharged.   In all such cases, at least, the rule is well settled in Massachusetts, and has been adopted in this state, that the note or security becomes assets in the hands of the executor, for which he must account.   In the judgment of the law the debt is to be considered as having been paid to the executor, and to be treated as money in his hands.   *Stevens v. Gaylord*, 11 Mass. 256; *Winship v. Bass*, 12 Mass. 199; *Finch v. Houghton*, 19 Wis. 149.   Nor can the executor escape this liability by failing

to charge himself with the debt in his inventory. *Tarbell v. Jewett*, 129 Mass. 457; 2 Williams, Ex'rs (7th Am. ed.), 624, 629. It is not believed that it was the intention of this court to depart from this doctrine in *Lynch v. Divan, supra*, and any expressions in the opinion in that case which are at variance with the doctrine must be considered as disapproved. That case was an application to compel a debtor executor to pay a debt proven against the estate out of the debts of the executor to the estate, a large part of which appeared on their face to be outlawed, and the question of the liability of the executor never having been determined by any accounting or other proceeding of a similar nature. It may well be that upon such a summary proceeding the court would not be justified in treating the executor's obligation as assets in his hands. But where, upon final accounting, the whole question is open, and any defense which the executor may have can be tried and determined, if it be found that the debt existed, there seems no good reason why it should not be considered as money in the hands of the executor, in accordance with the doctrine above cited. This necessarily results in an affirmance of the decision of the circuit court on the question of the accountability of the executor for the note.

As to the item of $102 which the judgment directs the executor to charge himself with on account of rent received for the saloon, there can be little question. The saloon and homestead were rented together by the deceased for the gross sum of $16 per month. There was evidence showing that the deceased and the tenant and the executor himself considered that the rental of the saloon amounted to half of this sum, although the lease itself did not specify what part of the rent was for the saloon and what part for the house. The executor only charged himself with $5 per month, although he received the entire sum. Under these circumstances, we think the practical construction which the parties

Estate of Robinson vs. Hodgkin.

had given the lease controls, and that the conclusion of the trial court was correct.

There is absolutely no evidence that there was any error of $50 in the footings of the executor's account as the account appears in the record. If there ever was any such error, it must have been corrected in the county court upon the account itself; and there are some indications that this was the case. Certainly, there is no error in the footings of the account as returned in the record, according to any of the rules of arithmetic with which this court is familiar. Doubtless, this erroneous finding was a simple oversight, which would have been corrected if it had been brought to the attention of the trial court.

The circuit court found that the appeal from the county court to the circuit court was taken in bad faith, and hence rendered judgment against the executor personally for the costs. We are unable to say that this finding was not sustained by the evidence.

It is objected that the "Estate of S. P. Robinson" is not the proper party, but that the personal representative of the estate should have been named as the party plaintiff. It appears that the executrix was the party who actually made the contest, and that the defect is one of nomenclature simply. We do not regard the error as of substantial importance.

*By the Court.*— That part of the judgment which orders the executor to charge himself with $50 error in footing is reversed, without costs, and the balance of the judgment is affirmed, with costs, to be recovered against the appellant personally.