SARAH M. HOWELL ET AL. V. PETER ANDERSON, ADMINIS-
TRATOR.*

FILED DECEMBER 3, 1902.   No. 12,324.

Commissioner's opinion, Department No. 2.

1. **Intestate:** DEBTOR: ADMINISTRATOR: ANTECEDENT DEBT.   Where
one is indebted to a person who dies intestate, and afterwards
becomes administrator of his creditor's estate, if he be solvent
and able to pay the debt at the time of his appointment, or
any time during the administration of his office, and before his
final settlement and discharge, he will be required to pay over
to the estate, in cash, the amount of his antecedent debt.

2. ———: ———: ———: ———: INSOLVENCY OF DEBTOR: BURDEN
OF PROOF.  If an administrator seeks to be discharged from his
official liability for such antecedent debt on account of his
insolvency and total inability to pay the same, the burden is
upon him to establish that fact.

3. ———: ———: ———: ———: ———: ———: OFFICIAL LIABILITY.
Where it is shown that an administrator, at the time of his
appointment, was hopelessly insolvent, was so during all of the
time of his administration and remained in that condition up
to and including the time of his final settlement, he will be
permitted to turn over the evidence of his uncollectible debt
to his successor, or other proper authority, and will be dis-
charged from his official liability therefor.

ERROR from the district court for Saunders county.   In
the matter of the estate of Daniel Howell, deceased.   From
an order refusing to discharge Peter Anderson, adminis-
trator, he appealed to the district court, and from an order
reversing the judgment Sarah M. Howell and others bring
error.   Tried below before GOOD, J.   *Affirmed.*

*V. L. Hawthorne,* for plaintiffs in error.

*Edwin E. Good* and *G. W. Simpson,* contra.

BARNES, C.

On the 28th day of March, 1899, one Daniel Howell, a
resident of Saunders county, died intestate, and on the

_____

* Appears in 92 N. W. Rep., 760, as *In re Howell's Estate.*

1st day of June of the said year Peter Anderson, the defendant in error, was duly appointed administrator of his estate, gave his bond, was duly qualified and entered upon the performance of his duties as such administrator. It appears that at the time Howell died, Anderson owed him $700, which was evidenced by an interest-bearing note executed some time before that date. When Anderson took charge of the estate as administrator, he scheduled and listed his note as a debt due to the estate. After he had collected and disbursed to the several heirs nearly $4,000 belonging to the estate, a petition was filed by the widow of the deceased with the county judge of Saunders county, asking for his removal. Anderson appeared in answer to a citation based upon the petition, and was allowed to file his report. He thereupon tendered his resignation and asked leave to turn over to the court all the money and property in his hands belonging to the estate, together with his own note, and prayed for an order relieving him from his said trust. Anderson also filed an answer in which it appeared that at the time he was appointed administrator of the estate he was insolvent; that he remained in that condition during all of the time he acted as such administrator, and was still insolvent and entirely unable to pay the note in question, or any part thereof, at the time of his proffered settlement. He also asked that the fees which were due him for the performance of his duties as administrator, amounting to about $134, be applied upon his note, and that the court receive said note, with its unpaid balance, and credit him with it as an uncollectible debt due the estate. The fact of Anderson's insolvency was fully established, and is now conceded by all parties to this controversy. The county court held against Anderson on his petition for a discharge, and found that the note in question was cash in the hands of the administrator, and made his order accordingly. From this judgment or order Anderson appealed to the district court for Saunders county, where the matter was tried *de novo*, the order of the county court was reversed, a judgment was

rendered in favor of Anderson, permitting him to turn over to his successor, or the county judge, his note, after crediting thereon the amount of his fees, as a part of the uncollectible debts due the estate, and an order was entered ·discharging him from his trust as administrator. From that judgment the widow and heirs of the deceased prosecute error to this court.

Plaintiffs contend that the district court erred in its findings and judgment in this: That when a debtor is appointed administrator of his creditor's estate, the debt owing by him to the deceased becomes assets in his hands as administrator; that the debt is considered paid, and he is chargeable with the amount thereof in the settlement of his accounts, without any regard to his financial condition before and during the time he acted as such administrator. They thus seek not only to charge Anderson with the amount of his debt to the estate, as for so much cash in his hands, ·but by obtaining an order to that effect, to fix beyond question the liability of his bondsmen to pay that amount to the estate. On the other hand, the defend· ant contends that where an insolvent debtor is appointed administrator of his creditor's estate and is at all times unable to pay his debts, by reason of his insolvency, his ·debt should be considered as uncollectible in his hands the same as though it were the debt of a third person, and that his bondsmen are not liable to the estate for the payment of such antecedent debt.

Upon this question the authorities are very much divided. In an early day the courts of Massachusetts laid down the rule contended for by the plaintiffs in error, and since then have steadily adhered to it. A few of the other states, including Ohio, New Hampshire and some of the Southern states, have adopted this view of the law, and it is contended by the plaintiffs that this court has followed this rule. In support of such contention they cite the cases of *Jacobs v. Morrow*, 21 Nebr., 233, and *Brown v. Jacobs*, 24 Nebr., 712. In *Jacobs v. Morrow*, the administrator *de bonis non* had been surety for his pre-

decessor on his bond as administrator of an estate. His predecessor had collected about $12,000 in money, which he held in his hands when he was removed. The only question in that case was whether the administrator *de bonis non* should charge himself with the penalty of the bond. No question of the solvency or insolvency of the first administrator was involved in that case. Neither was it claimed that he was indebted to the estate at the time he was appointed. It was held that if he had collected and held in his hands money belonging to the estate while he was the administrator thereof and failed to pay it over to his successor, his bondsmen were certainly liable for it. In the case of *Brown v. Jacobs,* the facts were that B was appointed administrator of the estate of A, and C was the sole surety on his bond. B was removed from his trust, and his bondsman, C, was appointed as his successor. C was charged with the penalty of B's bond; C soon died intestate, and one D was appointed administrator of his estate, and one E was appointed a second administrator *de bonis non* of the estate of A. E filed his claim against the estate of C for the full amount of the penalty of the administrator's bond given by B and C, which claim was disallowed. An appeal to the district court resulted in the same judgment, and on error to this court the judgment of the district court was affirmed. It thus appears that neither of these cases are in point, and, never having passed upon the precise question involved herein, we must now determine which line of cases we will follow.

The Massachusetts rule, as we will call it for convenience, is based on a legal fiction, and the presumption that all men are solvent and able to pay their obligations. It was but a short cut to say that one who was an administrator could not sue himself, therefore he would be required to account to the estate for his individual debt as so much cash. It was an easy way of solving a difficult problem, and one which we fully approve of, where the fact of insolvency is not satisfactorily made to appear. In case the administrator was solvent at the time of his appointment, or any time

during the administration of his office, and before his final settlement and discharge, he should be required to pay over in cash the amount of his antecedent debt. In such a case the rule contended for by plaintiff is a salutary one. It results in no hardship to anyone, and for that reason should be invoked and enforced. But it seems to us that this rule should have no application where it is made to appear that the administrator was wholly insolvent when appointed, while acting, and at the time of settlement. The defendant in this case filed his report in response to the citation and brought his individual note into court, together with the other uncollectible claims due the estate, and turned them all over to the county judge. As the estate had not been fully administered it was the duty of the county judge to appoint an administrator *de bonis non* into whose hands the administrator's note, as well as the others uncollected and unconverted, would go. The result to the estate would have been the same had another person than the defendant been appointed administrator. The estate has in nowise suffered by any act of his, subsequent to his appointment. It appears beyond question that at the time the defendant was appointed administrator of Howell's estate, he was wholly insolvent; that he remained in such insolvent condition during the entire time that he served as such administrator, and was insolvent at the time of his resignation and proposed settlement; that by reason of his condition it was at all times impossible for him to pay the antecedent debt he owed to the estate. Section 279, chapter 23, Compiled Statutes,* provides: "No executor or administrator shall be accountable for any debts due to the deceased if it shall appear that they remain uncollected without his fault." There is no reason why the antecedent debt of the administrator, where it is at all times uncollectible and it is impossible for him to pay it, should be treated any different from any other uncollectible debt due the estate. The defendant in this case delivered up to the

---

* Section 5144, Cobbey's Annotated Statutes.

court his own uncollectible note, which came into his possession as administrator of the estate, and asked to have credited thereon his commissions, amounting to $134.07. If he had not owed the estate this antecedent debt, he would have been entitled to withdraw from the assets thereof the amount above stated. It follows that his appointment, instead of reducing the available assets of the estate, resulted in their increase by the full amount of his commission. Instead of taking anything from the estate, he contributed his services to it gratuitously, and it was saved the expense that would otherwise have been paid to another administrator. It is unfortunate that the estate should lose the balance due upon Anderson's note, but if we should hold that this balance should be treated as cash in his hands, and make an order requiring him to pay it over, the result of such order would be to require Anderson's sureties to pay the antecedent debt he owed Howell, which could not be collected at any time during Howell's lifetime, and has at all times since that date remained absolutely uncollectible. By adhering to this legal fiction, we would require Anderson's sureties to take $700 from their pockets and pay it over to Howell's heirs on account of an unfortunate investment made by him in his lifetime, and impose upon them a liability upon their bond which they never contracted. Their agreement was that Anderson was an honest, capable and upright man, and would discharge his duties as administrator of Howell's estate properly; in other words, that he would account for all of the assets thereof that came into his hands, and pay over all the moneys collected for and on behalf of the estate to his successor, or other proper authority. They never covenanted that Anderson was solvent and able to pay his antecedent debts; the sureties on his bond did not agree to convert Anderson's worthless note into cash, or create something out of nothing. Legal fictions should only be resorted to for the purpose of preventing a failure of justice; and where they would result in an unjust and inequitable judgment they should never be invoked.

The later cases hold that where the administrator or executor is shown to have been insolvent at the time of his appointment, during the incumbency of his office, and at the time of his discharge, his bondsmen are not liable for his individual debt. *Estate of Walker,*\* 125 Cal., 242, 73 Am. St. Rep., 40; *Baucus v. Stover,* 89 N. Y., 1, affirmed in 107 N. Y., 624; *Keegan v. Smith,* 39 N. Y. Supp., 826; *In re Georgi,* 47 N. Y. Supp., 1061; *McCarty v. Frazer,* 62 Mo., 263; *Harker v. Irick,* 2 Stockt. Ch. [N. J. Eq.], 269; *Rader v. Yeargin,* 85 Tenn., 486; *State v. Gregory,* 22 N. E. Rep. [Ind.], 1; *Condit v. Winslow,* 5 N. E. Rep. [Ind.], 751.

In *State v. Gregory, supra,* the court uses the following language (p. 3) : "One question, which seems to have been overlooked on the trial of the cause, was the financial condition of Levin T. Miller, the administrator, during the period of his administration. The money collected by him while professing to act as the agent of the administrator in Missouri, and for which he had not accounted when he became administrator, was a claim in favor of his trust which he should have inventoried and charged himself with; and if by the use of due diligence all or any part of the claim could have been saved to the estate, his sureties are therewith chargeable, but, if he was hopelessly insolvent, they do not become liable therefor, the burden as to the question of insolvency being on the administrator and his sureties." Further on in the opinion the court says: "The debt of the administrator is to be accounted for as other debts or assets, and he may show his insolvency during the period of administration in discharge of his official liability,"—citing Woerner, Administration [2d ed.], \*654, sec. 311; *Griffith v. Chew,* 8 Serg. & R. [Pa.], 17; *Eichelberger v. Morris,* 6 Watts [Pa.], 42; *Tarbell v. Jewett,* 129 Mass., 457; *McCarty v. Frazer,* 62 Mo., 263.

There being no direct statutory provision upon the question in this state, there seems to be no reason why the

\* 57 Pac. Rep., 991.

above rule should not be adopted. The recent text-writers recognize this rule to be in force generally, at this time. Crosswell, Executors and Administrators, says (page 243) : "In most states, however, by statutory provision, it is enacted that the appointment of a debtor as executor or administrator does not operate as an extinguishment of the debt, but it is treated as any other debt owing to the estate, and, if it can be collected (*i. e.,* if the executor or administrator is solvent), then he is held to account for it as part of the assets. In other states the statutes, while not extinguishing the debt, treat it as cash in the hands of the executor or administrator, just as the equitable rule above stated does. In such a case, if the executor or administrator is insolvent during the period of administration the debt is not charged as assets, but considered as an ordinary uncollectible debt."

In Dame, Probate and Administration, sec. 189, we find the following: "It is a well-established rule of law, running back even before the Revolution, that an executor or administrator is considered as having paid the debts due from him to the estate, and as actually having in his possession that much more cash. If the personal representative is insolvent, the courts, in the interests of all concerned, modify this rule somewhat. He should still charge himself with the amount of his debt, but it does not make it actual money. The law does not require impossibilities, and there is no more reason why he should be considered as having paid what he was utterly unable to pay than any other creditor. He is held liable to the estate to the extent of his ability to pay the same at any time during administration."

The text above quoted is supported by the case of *Lyon v. Osgood,* 58 Vt., 707, 7 Atl. Rep., 5. We think this is the better rule, and we therefore hold that where one is indebted to a deceased person and is afterwards appointed administrator of his estate and the fact is shown that when so appointed he was hopelessly insolvent, was so during all of the time of his administration and remained

Howell v. Anderson.

in that condition up to and including the date of his settlement as administrator, he should be permitted to turn over the evidence of his uncollectible debt to his successor, or other proper authority, and be discharged from his official liability therefor.

For these reasons we hold that the judgment of the district court was right, and we recommend that it be affirmed.

OLDHAM and POUND, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.

NOTE.—A decree of the probate court, in favor of the administrator *de bonis non*, who was surety of the administrator in chief, rendered on a settlement of the administration of the first intestate's estate, had between the administrator *de bonis non* and the personal representative of the administrator in chief, who had died without making any settlement,—is conclusive, in the absence of fraud, upon the administrator *de bonis non*, creditors, and distributees, as to the liability of the administrator in chief, and conclusive also on the surety, he being an actor and party to the proceeding; and the right to demand, and the duty to pay, co-existing in him, the law presumes, as regards creditors and distributees, that the decree has been paid; and, at their instance, he is properly charged with the amount of the decree, on his final settlement of the administration. *Seawell v. Buckley*, 54 Ala., 592.

Where an action is brought against an executor of an estate in his representative capacity, no individual liability can be established or adjudged against him. *Insley v. Shire*, 54 Kan., 793.

The principle is, that a debt is merely a right to recover the amount by action, and an executor can not maintain an action against himself; his appointment by the creditor to that office suspends the action for the debt. And where a personal action is once suspended by the voluntary act of the party entitled to it, it is forever gone and discharged. 2 Williams, Executors, 625.

Action of assumpsit by administrator against citizen of Connecticut; plea that defendant had been appointed administrator of plaintiff's intestate in the state of Connecticut, and had there given bond and inventoried the debt which was the basis of the action; held good on demurrer. *Stevens v. Gaylord*, 11 Mass., 256.—W. F. B.