WILL OF STUBBS: HOVDEN, Appellant, vs. FIRST NATIONAL
BANK OF MENOMONIE, Administrator, Respondent.

*October 10, 1933—January 9, 1934.*

For the appellant there was a brief by *Peterson & Slocumb* of Menomonie, and oral argument by *Ira O. Slocumb*.

For the respondent there was a brief by *Bundy & Bundy* of Menomonie, and oral argument by *Wm. H. Bundy*.

The following opinion was filed November 7, 1933:

WICKHEM, J. Peder Hovden was the executor of the last will and testament of John T. Stubbs, who died on March 22, 1926. The will was admitted to probate on the 18th of May, 1926, and Peder Hovden appointed executor. Hovden filed his bond on November 4, 1926, and on that day letters testamentary were issued to him. He then entered upon the execution of his duties, and on the 2d day of April, 1927, filed an inventory, to which no exception is taken except that a certain note of $2,000, which respondent claims was signed by Peder Hovden, was inventoried as the note of Stella G. Hovden. On June 15th Peder Hovden filed an account listing the note as uncollectible and as part of the residue on hand after paying claims. George W. Stubbs and William J. Stubbs, the only substantial residuary legatees, signed written approvals of the account. The matter was noticed for final hearing and the inheritance tax determined, but the estate was not then closed because of lack of funds with which to pay the inheritance tax on the share of a minor devisee of real estate. Thereafter, on the 23d day of February, 1932, William J. Stubbs assigned his interest as legatee to Anna Stubbs, his wife, who thereafter, by petitions and citations, duly made objection to the fact that the said $2,000 note was not charged as cash in the final account of Peder Hovden. After some hearings and negotiations in the matter, Peder Hovden resigned on July 19, 1932, and such resignation was accepted by the court. On

the same date the respondent, First National Bank, was appointed as administrator *de bonis non* with will annexed, and letters were duly issued to said respondent on the 27th of July, 1932. On the 10th of August, 1932, the bank petitioned for a citation to Peder Hovden to show cause why his final account should not be disallowed to the extent of his fees and commissions, and to the further extent of requiring Hovden to account for the $2,000 note of Stella G. Hovden as cash. From a judgment adverse to him in both these respects, Hovden appeals.

The first contention of the appellant is that the court should have sustained appellant's demurrer to the jurisdiction of the court over the person of Peder Hovden. Peder Hovden had resigned and his resignation accepted, and it is claimed that the county court had no jurisdiction over him. This contention we consider to have been determined adversely to the appellant, in *Wallber v. Wilmanns,* 116 Wis. 246, 93 N. W. 47.

The second matter in controversy is the finding that Peder Hovden signed the note on the date it bears. It is claimed that the evidence does not sustain this finding. The finding is of doubtful materiality since Peder Hovden admitted that the note represented a loan by testator to him, but at all events there is sufficient evidence to sustain it. William Stubbs testified that he was present in 1925 when the note for $2,000 was signed by Peder and Stella Hovden, and that he saw it signed. Peder Hovden testified as follows:

"The $2,000 I owed to John Stubbs I refer to is the note that I later signed with my wife, the same note that is in question here. I did not owe any other $2,000 note."

This is sufficient evidence to warrant the finding that he signed this note in 1925 and not sometime after he became executor.

The next contention is that there is no support for the court's finding that after the will was admitted and prior to

the issuance of letters testamentary to Hovden, both Hovden and his wife had in their possession sufficient money and property not exempt by law to pay the note in full. We regard this finding as immaterial in view of the fact that this court is committed to the so-called Massachusetts rule with respect to obligations owed by the executor to the testator. In *Estate of Robinson v. Hodgkin,* 99 Wis. 327, 74 N. W. 791, the court, speaking through Mr. Justice WINSLOW, said:

"When a creditor makes his debtor the executor of his will, the right of action for the debt is said to be discharged, for the reason that the executor cannot sue himself. But, while this is so, the debt itself cannot be said to be discharged in any case where creditors of the estate will be prejudiced, nor where the will shows an intention that the debtor is not to be discharged. In all such cases, at least, the rule is well settled in Massachusetts, and has been adopted in this state, that the note or security becomes assets in the hands of the executor, for which he must account. In the judgment of the law the debt is to be considered as having been paid to the executor, and to be treated as money in his hands."

With respect to statements in *Lynch v. Divan,* 66 Wis. 490, 29 N. W. 213, which might be argued to indicate a contrary view, the court said:

"It is not believed that it was the intention of this court to depart from this doctrine in *Lynch v. Divan, supra,* and any expressions in the opinion in that case which are at variance with the doctrine must be considered as disapproved." See, also, *Wachsmuth v. Penn Mut. L. Ins. Co.* 241 Ill. 409, 89 N. E. 77, 26 L. R. A. n. s. 411.

This being the rule of law applicable in this state, the financial condition of the executor was immaterial and the note properly charged as cash in his hands.

The final contention is that of waiver arising out of the fact that George and William Stubbs, the only substantial

beneficiaries under the will, executed a written approval of the executor's account. In reply to this, respondent submits that there was a trust relationship here; that the residuary legatees who signed had no knowledge of the facts and had no adequate explanation from the executor. That the executor occupied a fiduciary relation is not in doubt, and it is our conclusion that the record does not show such a disclosure or explanation to the beneficiaries of the facts essential to an understanding upon their part of the "consequences of the transaction" as will warrant the finding of a waiver. *Will of Leonard,* 202 Wis. 117, 230 N. W. 715.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, with $25 costs, on January 9, 1934.