ESTATE OF HOWEY: HELZ, Administrator, Appellant, vs. COMMERCIAL NATIONAL BANK, Executor, Respondent.

*September 11—October 9, 1934.*

For the appellant there was a brief by *Sutherland, Hughes & Sutherland* of Fond du Lac, and oral argument by *A. D. Sutherland*.

For the respondent there was a brief by *Russell E. Hanson,* and oral argument by *Mr. Hanson* and *Mr. Kenneth M. McLeod,* both of Fond du Lac.

FAIRCHILD, J.   The theory upon which the appellant seeks to obtain possession of the money in question is based on the claim of the bank's acceptance of the executorship. If it may be held that the bank acted as executor of deceased's estate, then any debt which it owed to deceased as a bank would, *ipso facto,* become a cash asset in its hands as executor. It would be obliged to turn over to appellant, as succeeding representative, the cash representing the amount of indebtedness.   The court found that the bank at no time took any affirmative action pursuant to said appointment, that the estate, so far as its claim against the bank is concerned, stands in no different position from any other general depositor.

Whatever may be said for an adoption of a more liberal rule, there is no doubt of the adherence in Wisconsin to the strict "Massachusetts rule" that debts owing from the executor to the testator automatically become assets in the former's hands upon his acceptance of the executorship, and this regardless of the insolvency of the executor at the time of his acceptance or thereafter. *Finch v. Houghton,* 19 Wis. *149; *Lynch v. Divan,* 66 Wis. 490, 29 N. W. 213; *Estate of Robinson v. Hodgkin,* 99 Wis. 327, 74 N. W. 791; *Will of Stubbs,* 213 Wis. 439, 250 N. W. 845.   In such a case, the executor's surety is likewise liable.   26 L. R. A. (N. S.) 417; 2 Ann. Cas. 355.

The legal effect of the acceptance of an executorship is well settled.   The question is whether or not the evidence sustains the finding that the bank did not accept the executorship.   The facts upon which the appellant relies as proof of the bank's acceptance are:  (1) The bank's failure affirmatively to decline the appointment;  (2) the opening of deceased's safety-deposit box, the listing of the securities therein, and the continued possession of the key to the box,

and (3) the fact that later it tendered its resignation as executor. None of these acts are necessarily inconsistent with the bank's contention that it did not accept the executorship. The mere fact that one neglects to decline affirmatively an appointment as executor does not forestall his renunciation thereof if he has not in the meantime acted in such a way as to indicate an acceptance of the office. It is generally held not to be an acceptance if it appears that he has not intermeddled in the estate and that he intends to renounce. 11 R. C. L. p. 94, § 93; 20 Ann. Cas. 836.

The examination of the contents of the safety-deposit box was made at the request of and in the presence of the attorney for the petitioners. As for the possession of the key, Mr. Howey left it with the bank during his life and no demand was ever made that it be turned over to anyone. The letter of resignation is explainable as a means of settling the question for the future, and in no way estops the bank from insisting that it never had acted as executor. The court's conclusion that the bank never acted affirmatively in any manner consistent with the acceptance of the executorship is supported by the following facts: The notice of its appointment came at a time when the bank was closed and, as was found later, closed permanently; the officers of the bank at the time were under positive requirements not to create preferences, or do anything which would result in an advantage of one creditor over another; the officers, in the confusion and uncertainty as to responsibilities, did not reach a decision on what they could do with respect to the acceptance of the executorship. While it may not be exactly accurate to say that the bank could not legally have accepted the position, it is certain that some concrete evidence of such acceptance would have to appear, especially at a time when the bank was forbidden to do its usual business, and when it could not act except under the direction of the comptroller of currency of the United States or his representative. This evidence is lacking. When the conservator of the bank, who could act

only under the orders of the comptroller, advised the latter of the appointment, he was directed not to accept. The couching of the refusal to act in the language of the resignation does not in this case amount to a declaration of a previous acceptance of the office. The bank was in no position to undertake the duties of executor. The result of the acceptance of the executorship by the bank would be the preference of one general depositor over another, either by actual payment of money, or by the transfer of money from a general account to a special account. The acceptance of the executorship would plainly have put the bank in the situation of having committed such an act with resulting injury to other general depositors. In the absence of evidence of a contrary intent, it must be presumed that the bank did not act in a way which would be a violation of the spirit of the emergency rules and regulations under which it had been placed by the proclamation of the President, and in a way which would act as a detriment to its creditors. The duty rested upon the appellant, in order to sustain its contention, to produce evidence of an acceptance by the bank of the position. There is a failure of such proof and we see no occasion for disturbing the finding of the lower court.

*By the Court.*—Order affirmed.