No. 32,856

In the matter of Estate of D. Edgington. (CLAUDIA B. ADAMSON, as Administratrix with the Will Annexed, *Appellant,* v. C. A. HENNESSY, as Trustee of the Estate of C. B. Harling, *Appellee.*)

(61 P. 2d 873)

Opinion filed November 7, 1936.

*C. L. Foster,* of Sedgwick, *John Madden* and *John Madden, Jr.,* both of Wichita, for the appellant.

*Ezra Branine, Alden E. Branine* and *Fred Ice,* all of Newton, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This is an appeal from an order of the district court reversing an order of the probate court. The probate court held that Charles B. Harling, as executor of the estate of D. Edgington, and his trustee, were indebted to the estate in the sum of $3,200, and interest, in the hands of Harling as executor. From that judgment an appeal was taken to the district court. That court held that Harling in his representative capacity, as well as his trustee, was not liable for the reason that Harling was insolvent and only a common debtor.

The facts are simple. Edgington died testate. He named Harling, a banker, as executor of his estate. Shortly after Harling qualified his bank failed and he pleaded guilty of embezzlement and was sentenced to the penitentiary. He thereafter resigned and an administratrix of the estate was named. Since Harling was in the penitentiary a trustee of his estate was appointed.

The administratrix filed exceptions to the final report of Harling. A hearing was had in probate court. It was found that Harling was indebted to testator in the amount of $3,200 at the time he qualified

as executor. He, as executor, and his trustee were ordered to pay to the estate $3,565.90, being the amount of the indebtedness of Harling to testator, with interest.

From this judgment the trustee appealed to the district court. That court found that Harling was insolvent at the time of his appointment, and held that since he was insolvent he was not liable as executor to respond to the estate, but was a common debtor to the estate, and that Harling in his representative capacity and his trustee were not jointly or severally chargeable with such indebtedness as so much cash in the hands of Harling. If the probate court was correct, then the estate can recover the amount of the indebtedness from the sureties on Harling's bond as executor, while if the district court is correct the estate cannot recover against the executor's bondsmen and can recover nothing from Harling because he has nothing.

On account of the view we have taken of the case we may start with the proposition that Harling was insolvent when he qualified as executor, that he was indebted to testator in the amount claimed, and that he was named executor in the will of testator.

There are two general rules on this subject. One is generally referred to as the Massachusetts rule, and is stated in *Estate of Howey*, 216 Wis. 94, 256 N. W. 620, as follows:

"Debts owing from an executor to a testator automatically become assets in the executor's hands upon his acceptance of the executorship, regardless of the insolvency of the executor at the time of his acceptance or thereafter, for which the executor and his sureties are liable." (Syl. ¶ 1.)

The other is known as the majority rule. It has been announced and followed in a number of jurisdictions. That rule may be stated as follows:

"The better rule, we think, is that, for the purpose of charging the sureties on the administrator's bond, the indebtedness owing by the administrator to the estate should not be regarded as an asset as of the time of its maturity, if at that time and at all subsequent periods he was insolvent and did not have, or could not procure the money." (*McEwen v. Fletcher*, 164 Ia. 517, 527, 146 N. W. 1.)

Appellant relies on the provision of R. S. 22-528. That section is as follows:

"The naming of any person executor in a will shall not operate as a discharge or bequest of any just claim which the testator had against such executor, but such claim shall be included among the credits and effects of the deceased in the inventory; and the executor shall be liable for the same as

for so much money in his hands at the time such debt or demand became due, and he shall apply and distribute the same in the payment of debts and legacies, among the next of kin, as part of the personal estate of the deceased."

In the consideration of the question appellee calls our attention to R. S. 22-911. That section reads as follows:

"No executor or administrator shall be accountable for any debts inventoried as due to the deceased, if it shall appear to the court that they remain uncollected without his fault."

A strong argument is made by the appellees that the rule followed in a majority of the states is the better rule and should be followed here. It is pointed out that under the provisions of the above statute the executor would be unable to collect a debt owed by himself if he were insolvent, hence he should not be accountable as executor for a debt owed by himself to the testator.

The argument would be persuasive were it not for R. S. 22-528. Such a holding would require us to ignore the plain terms of that statute. Both of these sections were enacted in .1868. It will be noted that R. S. 22-528 first provides that the naming of a person as an executor in a will shall not operate as a bequest of any claim which the testator had against the executor.

This was made necessary on account of the old rule that where a testator named a person executor against whom he had a claim the presumption was that the testator intended to bequeath the amount of the claim to the executor. The statute does not stop here, however. It provides further that the claim shall be included in the inventory and that the executor shall be liable for it as for so much money in his hands at the time it became due. We have concluded that the legislature thus enacted into law what some of the courts have announced and followed as the Massachusetts rule. This being the case, the remedy for the situation is the province of the legislature. Many cases have been cited, but none where a court held that a statute as plain and unequivocal in its language was interpreted as meaning that the executor should not be held accountable.

We have considered R. S. 22-911. It is true that it excuses an executor or administrator from accountability for debts inventoried where they remain uncollected without the fault of the executor or administrator. This section and R. S. 22-528 were enacted at the same time. They should be construed together. After this is done, however, we have concluded that the two sections are not con-

flicting. R. S. 22-528 clearly deals with cases where an executor is named in a will. It appears to have been enacted to meet the situation already spoken of in this opinion. R. S. 22-911 deals with the case of any executor or administrator. There may have been many reasons why the legislature of 1868 saw fit to draw a distinction. At any rate, by the plain language of the sections, such a distinction was drawn. It is not too much to say that the legislature was familiar with the Massachusetts rule and enacted it into law. At least that is the effect of the enactment of R. S. 22-528.

Since we have reached this conclusion the result is that the insolvency of Harling was no defense.

The judgment of the district court is therefore reversed with directions to hold Harling and his trustee chargeable with the indebtedness of Harling to testator in his representative capacity as executor of the estate of Edgington.