ESTATE OF TUTTLE: MAXCY, Executor, Appellant, vs. GALOW, Administrator, Respondent.

*December 9, 1942—January 12, 1943.*

For the appellant there was a brief by *Thompson, Gruenewald & Frye* of Oshkosh, and oral argument by *Robert R. Thompson.*

For the respondent there was a brief by *Williams & Williams* of Oshkosh, and oral argument by *Eugene G. Williams.*

A brief *amicus curiæ* was filed by *John E. Dempsey* of Oshkosh.

FAIRCHILD, J.    The main issue on this appeal is whether an executor, as described in the foregoing statement of facts,

indebted to a testator at the time of appointment and not previously thereto discharged of liability in any proceeding in bankruptcy, is liable to the estate for the face value of the notes or only for fifty per cent of this value, at which figure they were appraised. Appellant, the executor, contends that since the notes were inventoried and appraised at less than their face value and since the appraised value is a fair value in view of his financial condition, he should not be held for the face value of said notes.

Sec. 287.14, Stats., provides that in any action or proceeding against an executor, the inventory shall be *prima facie* evidence of the value of the property and that the executor shall not be charged with choses in action included in the inventory unless they have been, or might with due diligence have been, collected. Sec. 317.02 provides that the executor shall account for the appraised value of the personal estate except that he shall not be required to account for debts which remain uncollected without any fault on his part.

Although the inventory is *prima facie* evidence of the value of the personalty, no reason appears why the administrator here could not properly make a motion, as he did, to correct the inventory if an error has been made. The rationale of the case of *Will of Stubbs,* 213 Wis. 439, 250 N. W. 845, applies whether the mistake was fraudulently or honestly made. The county court has jurisdiction until the final account has been allowed. *Wallber v. Wilmanns,* 116 Wis. 246, 93 N. W. 47. The basic question, then, is whether an error was made in the original inventory, as the trial court held.

At the outset appellant is met by a line of cases which hold the law in Wisconsin, so far as civil liability is concerned, to be the so-called Massachusetts rule that debts owing from the executor automatically become assets in his hands upon his acceptance of his appointment as executor. *Estate of Howey,* 216 Wis. 94, 256 N. W. 620, and cases there cited. Appellant's argument rests on the fact that the executor was insolvent and that as an individual he was unable to pay more

than fifty per cent of the face value of the notes. But in *Will of Stubbs, supra,* it was held that the financial condition of the executor was immaterial. Furthermore, appellant overlooks the basis of the Massachusetts rule which treats such debts as *cash* in the hands of the executor from the time he qualifies for the position.

This rule was first laid down in Massachusetts in the case of *Stevens v. Gaylord,* 11 Mass. *256. English authorities were cited in that opinion, and it was there held that although the action for the debt is extinguished, the debt itself becomes an asset of the estate for which the executor and his surety are liable. This rule has been followed in a number of Massachusetts cases, and in *Leland v. Felton,* 1 Allen (83 Mass.), 531, it was held that the rule applied even though the executor was insolvent at the time he was appointed and later made application for the benefit of the insolvency laws. In *Bassett v. Fidelity & Deposit Co.* 184 Mass. 210, 68 N. E. 205, it was held that under circumstances similar to those of the *Leland Case* the executor's surety was liable.

The rule of these Massachusetts cases was first cited with approval by this court in *Finch v. Houghton,* 19 Wis. *149. It was there held that unless the will showed that the testator intended that the debt be discharged, it became assets in the hands of the executor. In *Lynch v. Divan,* 66 Wis. 490, 29 N. W. 213, it seemed as if the court might be veering away from the rule because it was there held that by including debts owing from himself to testatrix in the inventory of the estate the executor did not estop himself to deny that they were valid debts. The court held that in such a case the proper procedure was for the county court to remove the executor and appoint an administrator to sue on the claims and thus test their validity. However, in *Estate of Robinson v. Hodgkin,* 99 Wis. 327, 330, 74 N. W. 791, the court very deliberately

returned to the Massachusetts rule and in the course of the opinion Mr. Justice WINSLOW said:

"When a creditor makes his debtor the executor of his will, the right of action for the debt is said to be discharged, for the reason that the executor cannot sue himself. But, while this is so, the debt itself cannot be said to be discharged in any case where creditors of the estate will be prejudiced, nor where the will shows an intention that the debtor is not to be discharged. In all such cases, at least, the rule is well settled in Massachusetts, and has been adopted in this state, that the note or security becomes assets in the hands of the executor, for which he must account. In the judgment of the law the debt is to be considered as having been paid to the executor, and to be treated as money in his hands. *Stevens v. Gaylord,* 11 Mass. 256; *Winship v. Bass,* 12 Mass. 199; *Finch v. Houghton,* 19 Wis. *149. Nor can the executor escape this liability by failing to charge himself with the debt in his inventory. *Tarbell v. Jewett,* 129 Mass. 457; 2 Williams, Ex'rs (7th Am. ed.), 624, 629. It is not believed that it was the intention of this court to depart from this doctrine in *Lynch v. Divan, supra,* and any expressions in the opinion in that case which are at variance with the doctrine must be considered as disapproved."

The case of *Maloney v. McCormick,* 181 Wis. 107, 193 N. W. 966, involved the liability of the executor's surety where the executor had failed to file any inventory. It was there said that if the executor had filed an inventory including property of the testatrix which he held and if the executor was financially unable to pay, then a different question would arise as to whether the surety would be liable, although it recognized that in Massachusetts he would be.

In *Will of Stubbs, supra, Estate of Robinson v. Hodgkin, supra,* was cited with approval and it was held that a finding as to the financial condition of the executor was immaterial as bearing upon the question of his liability for a note made by him and held by testator at the time of his death. In

*Estate of Howey, supra,* the court again recognized that it adhered to the Massachusetts rule, and in the very recent case of *Guardianship of Kueschel,* 241 Wis. 178, 5 N. W. (2d) 775, this court held that the rule applied to guardians as well as executors and that the guardian's surety was liable.

In none of these cases did the court consider the effect of secs. 287.14 and 317.02, Stats., although they have been in force since before *Finch v. Houghton, supra.* We are of the opinion that those statutes do not change the rule as recognized in the cases. Though an inventory is *prima facie* correct, errors may be rectified, and it would seem there could be no doubt about the value of cash, as these debts of the executor's are regarded. Since the debts are treated as paid, they cannot be treated as uncollectible. Admittedly other courts have reached a different conclusion under similar statutes (see note, 26 L. R. A. (N. S.) 411, 416), but this has been on the basis of policy and choosing between the two conflicting lines of cases and not because of the wording of the statute. See *Sanders v. Dodge,* 140 Mich. 236, 103 N. W. 597; *Howell v. Anderson,* 66 Neb. 575, 92 N. W. 760, 61 L. R. A. 313. It is considered that the policy of this state is too well established to warrant change by the court. The rule as laid down keeps one from accepting an important office until he has freed himself from the temptation of failing, in the fullest measure, to meet an honest obligation, and protects creditors and beneficiaries of an estate, thus insuring the highest degree of honesty in the dealings of an executor in his fiduciary capacity. It has been followed for over half a century, and anyone who agrees to act as executor or contracts to become a surety does so with the knowledge of this rule which the law makes a term of his contract or appointment.

We are of the opinion that the trial court properly held that the appellant is liable for the face value of his notes. As to the rate of interest for which appellant is to be held liable,

under the circumstances of this case it follows that having so placed himself that so far as a civil action is concerned he must be considered as having in his possession cash loaned to himself at a rate fixed by his contract at five per cent, that rate must be exacted.

*By the Court.*—Order and judgment affirmed.

BARLOW, J., took no part.