Patten Paper Co. vs. Kaukauna Water-Power Co. and others.

---

THE PATTEN PAPER COMPANY (LIMITED) and others vs. | 79 | 331
THE KAUKAUNA WATER-POWER COMPANY and others, | 111 | 489
Appellants, and the GREEN BAY & MISSISSIPPI CANAL
COMPANY, Respondent.

*March 3 — March 17, 1891.*

*Dismissal of appeal.*

Unless it appears that there was an abuse of discretion in granting an
order permitting a defendant to file an amended answer, and re-
serving to the plaintiffs or any of the other defendants the right of
moving to strike out any irrelevant or redundant matter therein,
an appeal from such an order will be dismissed.

APPEAL from the Circuit Court for *Outagamie* County.
The case appears from the opinion.

*Alfred L. Cary* and *David S. Ordway*, for the appel-
lants, contended that it was an abuse of discretion to allow
an amended answer to be filed which was in the nature of

Patten Paper Co. vs. Kaukauna Water-Power Co. and others.

a cross-complaint in favor of one defendant against the others, there being no statute or practice allowing it. The adjudications between co-defendants do not sanction that practice. See *Rice v. Cutler*, 17 Wis. 355; *Ogden v. Glidden*, 9 id. 46. Such amended answer contains much redundant and immaterial matter, and is more objectionable to demurrer than the original answer, as it states no defense, and sets up subjects not proper to be litigated in the action. *Pelton v. Farmin*, 18 Wis. 226; *Hekla F. Ins. Co. v. Morrison*, 56 id. 133; *Whitney v. Robinson*, 53 id. 314; *Deery v. McClintock*, 31 id. 205; *Hardy v. Mills*, 35 id. 141; *Tobin v. Tobin*, 45 id. 298; *Morse v. Stockman*, 65 id. 43; *Wilson v. Hooser*, 72 id. 421.

For the respondent there was a brief by *B. J. Stevens* and *E. Mariner*, and oral argument by *B. J. Stevens*. They took the ground that cross-actions were not abrogated by the code, and that the several rights in the water-power were proper to be adjudicated in this action, citing many authorities.

COLE, C. J. This is an appeal from an order allowing the *Green Bay & Mississippi Canal Company* to file an amended answer in this cause. The original answer was filed without objection, the order appealed from reserving to the plaintiffs or any defendants the right of moving to strike out any irrelevant or redundant matter in the amended answer. The case was here on a former appeal. See 70 Wis. 659. The action is brought to settle the rights of the parties in a water-power on Fox river, in which the *Green Bay & Mississippi Canal Company* is interested, and it was therefore made a defendant. Such corporation filed its original answer, which the appellants agreed and stipulated might stand " and be answered or demurred to, the same, and with the same effect, as if accompanied by, or as if it were *in form*, a cross-bill or cross-complaint setting up

formally the same matters stated in said answer, and that the answer may be treated and considered by the other parties who have filed an answer as if accompanied by a cross-complaint in a due form." Afterwards the amended answer was filed on leave granted. It is objected that the court erred in allowing the amended answer to be filed, because it states no defense to the cause of action stated in the complaint. The amended answer is but little more than an enlargement or expansion of the matter stated in the original answer, which the appellants in effect consented might be filed. There may be some additional defensible matters in it. It is very lengthy, and, after reading it carefully more than once, I do not feel safe in asserting what it does or does not contain. It is largely devoted to giving a history of the improvement company, the legislation of the state in regard to that work, the steps taken to execute it, and the means by or through which the canal company acquired its interest in the water-power. There may be irrelevant or redundant matter in the amended answer, but, if so, any party prejudiced by it can move to strike it out. We decline at this time to consider the sufficiency of any defense set up in it or in the original answer. All such questions may more properly be determined on a demurrer to the answer. We are inclined to hold upon the facts that there was no abuse of discretion on the part of the circuit court in permitting the amended answer to be filed, and therefore that the order is not appealable. This is the general rule as to discretionary orders, unless there is an abuse of discretion.

*By the Court.*— The appeal is dismissed.