ROBERTS, County Judge, Appellant, vs. WEADOCK and others, Respondents.

*January 13 — February 8, 1898.*

*Estates of decedents: Judgment ordering payment of claims: Collateral · attack: Action on administrator's bond: Practice: Pleading.*

1. Under secs. 3853, 3856, 4014, R. S. 1878, to the effect that, after the time limited for creditors to file their claims in the settlement of the estate of a deceased person, the county court shall make an order for the payment of the debts in whole or in part, or a divi-dend thereon, according to the circumstances of the estate; that when the time shall have expired under such order or judgment, the executor or administrator and his bondsmen shall stand per-sonally liable for such debts; that on refusal of such executor or administrator to comply with· the demand for such payment, as to any creditor, an action may be brought against such executor ·or administrator and his bondsmen, for such debt, by permission of the court,— the order or judgment for payment, though made without notice, is not subject to collateral attack. Till reversed on appeal, or set aside in some direct proceeding for that purpose, it is conclusive on all the questions necessarily adjudicated and included within it, among others, that there is a sufficiency of assets to pay the debts.

2. The order permitting suit on the bond may be entered without no-tice, and is not open to collateral attack. The condition precedent of demand for payment and refusal, which must precede the entry of the order, is not open to question except on appeal from the ·order, or in .some direct proceeding to vacate or avoid it; and if that were not so, an allegation of demand and refusal in the com-plaint, not put in issue by the answer, is thereby admitted for the purposes of the action upon the bond.

[Syllabus by MARSHALL, J.]

APPEAL from a judgment of the circuit court for Douglas county: A. J. VINJE, Circuit Judge. *Reversed.*

Action on an administrator's bond. The estate of E. V. Mundy, deceased, being in process of settlement in the pro-bate court of Douglas county, Wisconsin, such proceedings were there duly had that a claim for $2,000, with interest

thereon from March 22, 1890, was allowed in favor of Robert C. Ray and James D. Ray. Thereafter James D. Ray died, and Robert C. Ray was appointed as executor of his estate. Defendant *Weadock* was the executor of the estate of E. V. Mundy, deceased, and the other defendants were his bondsmen. Such proceedings were had after the allowance of the claim as aforesaid, that the county court entered an order for the payment of such claim within a time therein mentioned. Such order was made on a petition setting forth, among other things, the allowance of the claim, and that there was sufficient property belonging to the estate, applicable to its payment, to pay it in full. The order recited as a fact established on the hearing that there was sufficient property in the hands of the executor to pay the claim. Service of the notice of the hearing on the petition was ordered to be made on Ross, Dwyer & Hanitch, attorneys for the executor, and they appeared on such hearing. The claim was not paid as required by the order, and such proceedings were thereafter duly had that the county court, by order, authorized the bringing of this action against the executor and his bondsmen to recover therefor.

The complaint sets forth by appropriate allegations all of the aforesaid facts, and that after the claim was ordered to be paid plaintiff demanded payment thereof of the executor, which was refused. The defendants answered, admitting all the facts alleged in the complaint, down to and inclusive of the order for the payment of the claim. There was no denial of the allegation of demand for payment pursuant to the order, or of the due making of the order, or that the same had not been appealed from or set aside. There was a denial of the sufficiency of assets.

On the trial there was evidence on the part of plaintiff that one of the attorneys for the claimants, after the entry of the order for payment of the claim, had some talk with the executor in respect to such payment. There was also

evidence that the executor informed such attorneys by letter that there was no money with which to pay the claim; also evidence by the executor to the same effect. Proof was made of all proceedings in the probate court as alleged, and there was no proof to the contrary, except the recital in the order authorizing suit, that the executor appeared in the proceedings to obtain such order, was disproved.

At the close of the evidence defendants' counsel moved the court for a nonsuit, which was granted and the ruling duly excepted to. Judgment was rendered accordingly in defendants' favor, and plaintiff appealed.

For the appellant there was a brief by *Reed & Reed,* attorneys, and *Mann & Corcoran,* of counsel, and oral argument by *Myron Reed.* They argued, among other things, that the judgment of the county court for payment of the claim cannot be attacked collaterally in this action. It is not a defense that the executor could not comply with the order or judgment. If he thought it was wrong and unjust he should have appealed under the provision of sec. 4031, R. S. 1878. *Shepard v. Pebbles,* 38 Wis. 373; *Heard v. Lodge,* 20 Pick. 53; *Newcomb v. Goss,* 1 Met. 333; *Stovall v. Banks,* 10 Wall. 583; *Garber v. Comm.* 7 Pa. St. 265; *Willey v. Paulk,* 6 Conn. 74; *Fay v. Ames,* 44 Barb. 328; *Watts v. Gayle,* 20 Ala. 817; *Love v. Gibson,* 2 Fla. 598; *Holden v. Lathrop,* 65 Mich. 652; *Clark v. Fredenburg,* 43 id. 263; *Beall v. New Mexico,* 16 Wall. 535, 541; *Brush v. Button,* 36 Conn. 292; *Meyer v. Barth,* 97 Wis. 352. The order or judgment of the probate court is conclusive upon all the parties, sureties as well as principal. When parties contract with reference to some suit or proceeding in court they are all bound by the judgment therein. They become *quasi* parties to the proceeding and are bound by it. *Pratt v. Donovan,* 10 Wis. 378; *Booth v. Ableman,* 20 id. 602; *Ketchum v. Zeilsdorff,* 26 id. 514; *Smith v. Lockwood,* 34 id. 72; *Shepard v. Pebbles,* 38 id. 378.

Roberts vs. Weadock and others.

For the respondents there was a brief by *Thomas A. E. Weadock*, in person, and *Ross, Dwyer & Hanitch*, attorneys for the other defendants, and oral argument by *Mr. Weadock* and *Mr. W. D. Dwyer*.

MARSHALL, J.   The questions presented on this appeal are familiar and simple.   Sec. 3853, R. S. 1878, provides that, "after the time limited for creditors to present their claims has expired, and the amount of the indebtedness of the deceased has been ascertained by the court or commissioners, such court shall make an order or judgment for the payment of the debts of the deceased, in whole or in part, out of the assets in the hands of the executor or administrator for that purpose, as the circumstances of the estate shall require."   Sec. 3856, R. S. 1878, provides that whenever an order or judgment shall have been made as provided in sec. 3853, "the executor or administrator, after the time fixed for the payment shall arrive, shall be personally liable to the creditors for their debts or the dividend thereon, as for his own debt; and he shall be liable on his bond, and the same may be put in action on the application of a creditor whose debt or dividend shall not be paid" as provided in the order or judgment.   Sec. 4014 provides that an action may be brought on the bond of the executor or administrator by permission of the county court, by any creditor, when the amount due him has been ascertained and ordered paid by the court, if the executor, administrator, or trustee shall neglect to pay the same when demanded.

There can be no question but that the complaint states a good cause of action under the sections of the statutes referred to.   The order for the payment of the claim is set forth at length in the complaint, and recites as facts found in favor of the claimants, on the application for such order — First, that the time limited by the court for creditors to present their claims against the estate had expired; second,

that the amount of the indebtedness of the estate had been ascertained; third, that there were sufficient assets in the hands of the executor for the payment of all the indebtedness of the estate in full, after paying all the expenses of administration. On such facts, it devolved on the county court, by the mandatory language of sec. 3853, to render judgment in favor of the plaintiff for the payment of his claim, as was done. There is no requirement for the giving of notice of the application for the order or judgment, any more than for the application for leave to sue under. sec. 4014, and while it was proper to give such notice, it was not requisite to the jurisdiction of the court. *Elwell v. Prescott,* 38 Wis. 274; *Landon v. Comet,* 62 Mich. 80.

The entry of the order or judgment referred to, and expiration of the time limited therein for payment of the claim, by the express language of sec. 3856, R. S. 1878, made the claim, to all intents and purposes, the personal debt of the administrator for which he was liable, and his bondsmen were liable as well. Upon its being made to appear that the executor refused to pay the claim upon demand therefor, pursuant to the order or judgment, the court properly, and without notice, authorized the bringing of this action under sec. 4014, R. S. 1878.

Considerable evidence was taken on the trial in regard to the subject of demand for payment, and one of the points most confidently suggested in support of the judgment is that no such demand was shown; but inasmuch as such demand was distinctly alleged in the complaint and not denied by answer, it stands, for all the purposes of the case, as a fact admitted; therefore, if the court granted a nonsuit for want of a demand for the payment of the claim, it was error. Moreover, it is considered that the order for leave to bring the suit, until set aside or vacated on appeal or some proper proceedings, is conclusive on that question.

The only other question which appears to have been con-

tested by the defendant was whether there were sufficient assets in his hands with which to pay the claim. That was one of the very questions upon which the county court was required to form an opinion and pronounce judgment, on the application for such payment; hence, such judgment is conclusive for the purposes of this case. The general rule is that when a court has jurisdiction to render a judgment, every proposition assumed or decided, leading up to the final result, the order or judgment, is included within it, and till reversed on appeal or set aside in some direct proceeding for that purpose it is conclusive for the purposes of that case or proceeding upon all parties thereto, in that and all courts. Wells, Res Adjudicata, § 217; *Giffert v. West*, 37 Wis. 115; *Quackenbush v. W. & M. R. Co.* 71 Wis. 472; *Cramer v. Stone*, 38 Wis. 259; *Pray v. Hegeman*, 98 N. Y. 351; *Iowa Co. v. M. P. R. Co.* 24 Wis. 93; *Danaher v. Prentiss*, 22 Wis. 311. This familiar rule applies to all courts to the extent of their jurisdiction. Probate courts are as much within the rule as any other. *Barker v. Barker*, 14 Wis. 131, and *Cody v. Cody*, *post*, p. 445.

The bondsmen of the executor are concluded by the judgment of the county court, the same as the principal. One of the provisions or conditions of the bond is that the executor shall perform all orders and judgments of the county court. By that condition the bondsmen were, through their principal, essentially parties to all proceedings in the court, and bound to the same extent as such principal. The question of the conclusiveness of a decree of the county court, against the principal, upon his bondsmen, is not new in this court. It was expressly decided in *Holden v. Curry*, 85 Wis. 504, and *Schoenleber v. Burkhardt*, 94 Wis. 575.

From the foregoing it follows that the answer of the defendants admitted every allegation of the complaint essential to plaintiff's right to recover, and that so long as the order of the county court for the payment of the claim in

Roberts vs. Weadock and others.

question remains undisturbed on appeal or some direct proceeding for that purpose, or is not shown to be void for want of jurisdiction of the court to enter it, the executor is personally liable for its payment, and his bondsmen are liable therefor as well. The plaintiff was entitled, clearly, to a judgment upon the pleadings alone, and that right was in no way impaired by any evidence that was produced in the case.

If the result here reached is prejudicial to the executor, it is not the fault of the law, but neglect on his part to resort to the ample remedies which the statutes give. He had the right to appeal from the order or decree for payment of the claim, within sixty days after it was made, under sec. 4031, R. S. 1878, and under sec. 4035, R. S. 1878, power existed in the circuit court, if justice required, to allow an appeal from the order after the expiration of the time limited therefor by sec. 4031, upon petition being filed within one year from the act complained of. So the. misfortune to the executor, of being required to pay a claim when there are no trust funds for that purpose, if such misfortune exists, is very clearly attributable to his own laches.

If there is any rule laid down in *Hilton v. Briggs*, 54 Mich. 265, confidently relied upon by respondents, in conflict with what is here decided, it is considered that such rule is contrary to well-settled principles and numerous adjudications of this court.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial.