ROBERTS, County Judge, Respondent, vs. WEADOCK and others, Appellants.

*September 25 — October 15, 1901.*

*Appeal: Bill of exceptions: Discretionary order.*

An order refusing leave to amend the answer, being discretionary, will not be reviewed on appeal from the judgment, where the record does not show upon what the court acted in making such order.

APPEAL from a judgment of the circuit court for Douglas county: A. J. VINJE, Circuit Judge. *Affirmed.*

For the appellants there was a brief by *Thomas A. E. Weadock, in pro. per.*, and *Ross & Dwyer*, attorneys, and oral argument by *Mr. Weadock.*

For the respondent there was a brief by *Reed & Reed*, and oral argument by *Myron Reed.*

WINSLOW, J.   This is an action upon an executor's bond to recover a claim which had been duly allowed against the estate, and which the appellant, as executor, had been ordered by the court to pay.   The case was once tried, and the plaintiff nonsuited, but, upon appeal to this court, the judgment was reversed and a new trial ordered.   See *Roberts v. Weadock*, 98 Wis. 400, where a sufficient statement of the facts will be found.   After the return of the record to the circuit court, the appellant made application, upon affidavits, for leave to amend his answer so as to deny that any demand for payment had been made upon him; but the motion was denied.   Thereafter the cause came regularly to trial, and, there being no appearance on the part of the appellant, judgment was rendered against him and his sureties for the amount of the claim as allowed, with interest and costs, from which judgment the defendants appeal.

The only claim made by the appellant on this appeal is

that the trial court erred in refusing him leave to amend his answer. There is no bill of exceptions. It is very certain that, upon the record before us, we cannot review this order. The order was discretionary, and cannot be reversed unless it appears that there has been an abuse of discretion. *Patten P. Co. v. Kaukauna W. P. Co.* 79 Wis. 331. This cannot be determined unless we are informed by the record upon what papers the court acted in making the order.

Upon this question the record before us is silent. The order itself simply says that the motion is denied. Having no means of ascertaining upon what the court acted in making the order, we are necessarily unable to say that there was any abuse of discretion.

Moreover, it is impossible to see how the appellant would have gained anything had the motion for leave to amend his answer been granted. Upon the former appeal in this case it was held, in passing upon the question of the necessity of a demand, that the order granting leave to bring the action, until set aside or vacated in some proper proceeding, is conclusive on the question of demand.

*By the Court.*— Judgment affirmed.