KELLOGG, County Judge, Respondent, vs. STROUD, Executor,
and others, Appellants.

*May 16—June 12, 1917.*

*Wills: Construction: Bequest to son of the "use only" of property:*
*Expenditure from corpus at discretion of a co-executor: Unau-*
*thorized expenditure by son: Action, after his death, on his bond*
*as executor: Limitations.*

1. By her will a testatrix gave to her son certain real estate in fee
and the "use only" of the residue of her property during his life,
disposing of such residue otherwise after his death.  The son
and another person were named as executors, and the will pro-
vided that if it should appear to the associate executor "that
from sickness long continued or from any other providential
cause the money arising from the use of my said estate should
not be sufficient to give the said [son] all the reasonable com-
forts of life," then such associate executor was authorized to
pay to the son such sums "as may be necessary for his comfort-
able support and care," not exceeding $300 in any one year.  The
son qualified as executor, but the other person named declined
to act and no one was appointed in his place.  *Held*, that the son
had no authority to expend, even for necessary comforts, any
part of the *corpus* of the property of which he was given the
"use only," unless a determination of the amount to be expended
was first made by an associate executor or by the county court.

2. The son not having rendered a final account as executor during
his lifetime, and the remaindermen having no right to the pos-
session of the residue until after his death, no cause of action
upon his bond as executor, to recover moneys wrongfully appro-
priated by him, accrued until after his death, and the statute of
limitations did not until that time begin to run against such an
action.

3. The liability of an executor and of the sureties on his bond con-
tinues in such a case until the trust is fully performed.

APPEAL from a judgment of the circuit court for Colum-
bia county: CHESTER A. FOWLER, Circuit Judge.  *Affirmed.*

Nancy H. Hillyer, a widow, died testate May 28, 1883,
leaving an estate of about $8,885.  She had one son, Dray-
ton A. Hillyer, her sole heir at law, whom she made her bene-
ficiary by her will.  She gave him certain real estate in fee

and the "use only" of the residue of her property "for and during the term of his natural life only."

The will further provided that "after the death of my said son, D. A. Hillyer, I hereby direct that all of my estate remaining, both real and personal, shall be given to his child, or children," and that if said D. A. Hillyer should die without issue, "all the estate that remains at the time of his death" as aforesaid was devised and bequeathed unto certain nephews named.

The will contained the following item:

"Sixth. If it should appear to the executor to be hereafter associated with my said son, D. A. Hillyer, in executing this my last will and testament, that from sickness long continued or from any other providential cause the money arising from the use of my said estate should not be sufficient to give the said D. A. Hillyer all the reasonable comforts of life, then and in that case my said executor is hereby authorized and empowered to pay to the said D. A. Hillyer such sum or sums (at such time or times as to him may seem meet) as may be necessary for his comfortable support and care, not to exceed, however, in any one year, the sum in the aggregate of three hundred dollars."

The will appointed Drayton A. Hillyer and Miles T. Alverson executors. Alverson declined to act. Hillyer qualified and filed a bond in the sum of $10,000 with four sureties, viz. Henry Little, E. K. Thayer, James Gowran, and George W. Morrison, each of whom is now deceased, but one of whom, George W. Morrison, was living at the time of the trial in the circuit court and died after the entry of judgment. [The defendant *Stroud* is Morrison's executor, and the other defendants are the heirs of one of the deceased sureties.]

Drayton A. Hillyer took possession of the property, and in 1884 filed a partial account showing $6,687.85 worth of property in his hands. In 1894 he filed a corrected partial account, which showed that $1,700 of the securities making

up the amount of his account in 1884 never came to his hands, which left him charged at that time with $4,983.30. Drayton A. Hillyer died December 15, 1913. A claim was presented against his estate by the administrator *de bonis non* of Nancy H. Hillyer for the amount of her personal estate adjudged in his hands as executor and was on December 21, 1914, allowed in favor of the administrator *de bonis non* of Nancy H. Hillyer at $5,078.85.

This action was duly commenced in May, 1915, in the name of the county judge of Columbia county, Wisconsin, to recover on the bond of the executor of Nancy H. Hillyer. The action was tried before the court, findings of fact and conclusions of law made, and judgment directed thereon in favor of the plaintiff for the sum of $5,436.50. Judgment was entered accordingly, from which this appeal was taken.

*W. S. Stroud* of Portage, attorney for *Edward A. Gowran* and *Mary O'Neil Gowran,* and *H. E. Andrews* of Portage, attorney for *Estate of Geo. W. Morrison,* for the appellants.

For the respondent there was a brief by *Rogers & Rogers* of Portage, and oral argument by *Harlan B. Rogers.*

KERWIN, J.   Several contentions are made for reversal which, so far as material to our decision, will be considered.

1. It is insisted that under the sixth item of the will, set out in the statement of facts, it was clearly the intention of the testator that her son, Drayton A. Hillyer, might annually use such portion of the *corpus* of the estate as might be necessary to give him all the comforts of life, and for such purpose he might draw upon the *corpus,* and if necessary during his life consume it, without the intervention of the executor named in the will or any action on the part of the county court.   And it is claimed that the evidence and findings establish that D. A. Hillyer might have expended the *corpus* of the estate for the reasonable comforts of life, or at least a large portion of it, in addition to the income from the

estate of his mother, had he complied with the provisions of the will. This may well be, as said in the opinion of the court below, and it is regrettable that he did not have an executor appointed after the one named in the will refused to act, or apply to the county court from time to time upon a proper showing and have the annual amount which he might spend out of the *corpus* under the provisions of the sixth item of the will determined and fixed by order of the court, in case of no acting executor as provided by the will.

But it, is claimed that in the absence of an executor who had power under the will to exercise discretion as to the amount of *corpus* which might be expended by D. A. Hillyer under the will or any determination of the matter by the county court, Hillyer was still entitled to expend the *corpus* of the estate, if necessary comforts required it. It is clear from the will that only $300 of *corpus* could be expended by D. A. Hillyer in any year, and it is also clear that a determination of the amount of such expenditure should be first made by the executor to be associated with him. Since no determination was made by the executor or by the court that any sum be expended out of the *corpus,* no authority was conferred on Hillyer to expend or convert any part of the *corpus.* The use only of the residue of the estate of the testator was given to him by the will in addition to the real estate in fee and the provision in the sixth item referred to. The burden of proof was upon Hillyer to show that the money was properly expended in accordance with the terms of the will.

The learned trial court, in a written opinion in the record, said:

"It is perhaps true that Mr. Hillyer's income was so small during that term, except for the two years that he was city clerk—and I think that his whole income, including his earnings, must be considered in determining whether he could have for support any part of the principal—that his

co-executor, had he had one, or the court, had he applied to it, would have allowed him, upon showing his necessities, some amount, perhaps the full $300, of the principal sum during a part; perhaps all, of these years; and it is possibly true that the whole $4,728.85 in his hands as executor in 1884 would have been awarded to him for his support had one of these courses been adopted. It is regrettable that he did not see fit to take one of these courses, if the facts are that he used the principal sum involved for his support and that his necessities required such use of it." . . . "It hardly helps to construe the will as intending that Mr. Hillyer should be given allowance from the principal sum if his situation rendered this reasonably necessary for his support. This is quite plain. But it is equally plain that for some reason the testatrix saw fit not to make Mr. Hillyer the judge of his necessities in this respect, and to prohibit him, by implication, from using any part of the principal for support unless the necessity therefor should first be determined by a disinterested person. If she preferred the principal sum to go to others in case it should not be determined as she provided that it was required for her son's support, I cannot perceive why this portion of her will should not be effectuated. Had Mr. Hillyer been given power by the will to make the determination himself, we would have, in part at least, another question. But that power was expressly placed elsewhere, and by necessary implication denied to Mr. Hillyer."

The court below found upon sufficient evidence that it was not established by the proof that the contingency specified in the will under which Drayton A. Hillyer was entitled to use $300 per year of the *corpus* of the estate of Nancy H. Hillyer existed.

The court also found upon sufficient evidence that Drayton A. Hillyer wrongfully appropriated the property of Nancy H. Hillyer's estate.

2. It is further contended that the action is barred by the twenty years' statute of limitation, because the executor, D. A. Hillyer, settled his account in 1884 and again in 1894, and that a right of action accrued in 1884 and again in 1894, and that the present action is barred.

This contention is untenable. The court below determined, and properly, that neither the 1884 nor the 1894 account was a final account. Both of these accounts were partial accounts and so designated.

The executor's liability continues until the estate is fully administered, and the sureties' as well. *Wallber v. Wilmanns,* 116 Wis. 246, 93 N. W. 47; *Roberts v. Weadock,* 98 Wis. 400, 405, 74 N. W. 93; *Estate of Davies,* 161 Wis. 598, 155 N. W. 152.

It is well settled in this state that the statute of limitations does not begin to run until a cause of action accrues. *Estate of Hanlin,* 133 Wis. 140, 113 N. W. 411.

In the instant case the remaindermen had no right to the possession of the property until after the death of Drayton A. Hillyer. Moreover, there never had been a final accounting by Drayton A. Hillyer as executor of the estate of Nancy H. Hillyer during his life, and his duties continued until the trust was performed. *Schinz v. Schinz,* 90 Wis. 236, 63 N. W. 162; *Wallber v. Wilmanns,* 116 Wis. 246, 93 N. W. 47; 39 Cyc. 249 and note 43.

It follows that the judgment of the court below must be affirmed.

*By the Court.*—The judgment is affirmed, with costs.