ESTATE OF THOMPSON : EDGERTON, Executor and Trustee, and others, Appellants, vs. THOMPSON and others, Respondents.

*February 9—June 29, 1933.*

For the appellants there were briefs by *P. A. Martineau* of Marinette, attorney for Benjamin G. Edgerton, executor

and trustee; *Upham, Black, Russell & Richardson* of Milwaukee and *Lockney & Lowry* of Waukesha, attorneys for the American Surety Company of New York; and *Wallace Reiss* of Milwaukee, attorney for the Employers' Liability Assurance Corporation; and the cause was argued orally by *Mr. Clark M. Robertson* of Milwaukee, *Mr. Henry Lockney,* and *Mr. Reiss.*

*M. A. Jacobson* of Waukesha, for the respondent Waukesha National Bank, trustee.

A brief was also filed by *Harvey J. Frame* of Waukesha as guardian *ad litem.*

The following opinion was filed April 11, 1933:

ROSENBERRY, C. J. The first contention made is that the county court being a court of special and limited jurisdiction, for that reason, there being no presumptions in favor of its jurisdiction, the county court was without jurisdiction by reason of its failure to conform to the statutory provisions and the court rules which require (a) notice of the settlement of the executor's account to be given in accordance with the provisions of sec. 317.11 of the Statutes or County Court Rule XV, sec. 1; (b) a guardian *ad litem* to be appointed for the residuary beneficiaries (Rule III).

As a general rule, the appointment of a guardian *ad litem* for an infant defendant is held to be a matter of procedure and not one of jurisdiction. Being a matter of procedure, the failure of the court to conform to proper procedure may make the judgment erroneous but it is not void. In this respect the failure to appoint a guardian *ad litem* is analogous to failure of an infant plaintiff to be represented by a next friend. 14 Ruling Case Law, p. 286, § 54, p. 280, § 50.

In this case it was called to the attention of the trial court that the residuary legatees were not represented. The court should thereupon have appointed a guardian *ad litem* for

such residuary legatees, and the failure to do so makes the judgment erroneous for the reason that the executor and his sureties should not be bound and required to pay when it appears from the record that other parties have an interest in the controversy who are not concluded by the same judgment.

It is next urged that the court was without jurisdiction to enter judgment against the sureties of the executor. On behalf of the beneficiaries it is urged that the court did no more than enter judgment against Edgerton fixing his liability as an executor and as trustee. The judgment and findings of fact are in one document. Coming to that part of the document which determines the rights of the parties, the provision is:

"Wherefore it is ordered, adjudged, and decreed that the accounts of said Benjamin G. Edgerton both as executor and as trustee be surcharged to conform to the facts hereinabove found; and

"It is further ordered, adjudged, and decreed that said Benjamin G. Edgerton in the capacity of executor and also in the capacity of trustee is presently chargeable," etc. (setting out the amounts).

The third paragraph is as follows:

"It is further ordered, adjudged, and decreed that if said American Surety Company shall pay to said Waukesha National Bank as such trustee the sum of fifty thousand dollars ($50,000) or such portion thereof as shall equal any unpaid portion of said sum chargeable to said Benjamin G. Edgerton in his capacity as executor, it shall be discharged from all further liability under the bond of the said Benjamin G. Edgerton as executor executed by it as surety bearing date September 10, 1912."

The fourth and fifth paragraphs are in the same form as paragraph three. The form of paragraphs three, four, and five is to say the least peculiar. While it is doubtful if an execution would lie on a judgment so framed, it would seem clear that the liability of the surety was fixed and the manner

in which such liability might be discharged was prescribed. While it may be true as contended that paragraphs three, four, and five are not in form money judgments, they to some extent, at least, determine the rights of the surety. We can find no authority for the entry of such a judgment in a proceeding like the one here under consideration.

It must be held, therefore, that so far as the judgment determines the liabilities of the sureties beyond the extent to which such liabilities may be determined by the judgment against the executor, the judgment should be reversed.

It is next urged that the court erred in failing to segregate the account of the executor and the account of the trustee. As already appears from the statement of facts, Edgerton filed his bond as executor on September 10, 1912, upon which the American Surety Company was surety. Although the property was assigned to him as trustee by order dated February 3, 1914, he gave no bond as trustee until the 1st day of May, 1925. Under these circumstances his liability as executor continued until he gave his bond as trustee and was discharged as executor. *Estate of Davies,* 161 Wis. 598, 155 N. W. 152. The bond of Edgerton as executor was conditioned (1st) that he should make and return an inventory; (2d) administer according to law and the will of Charles Thompson, deceased, all goods, chattels, rights, and credits, etc.; (3d) render a true and just account of his administration to the county court; and (4th) perform all orders and judgments of the county court by him to be performed. The liability of the surety continued under the circumstances of this case until Edgerton was discharged as executor.

In this connection it is contended by appellants that the appointment of Edgerton as trustee and the issuance of letters of trust to him were void by reason of his failure to comply with sec. 323.02, Stats., which provides that if a

trustee appointed under a will shall neglect to furnish a bond for the period of twenty days after receipt of notice that such bond shall be required, he shall be deemed to have declined. While the twenty-day period had long since expired, it is considered that when Edgerton, upon his own petition, was appointed trustee by the court, filed his bond, accepted the trust, and letters of trust were issued to him in due form, that he became in fact and in law trustee of the estate. While the court might have appointed another trustee and considered the appointment under the will vacant, nevertheless, the appointee under the will having qualified and been accepted by the court, he became trustee. The statute does not prevent his becoming trustee but provides merely that in the event of his failure to comply another may be appointed.

The bond given by Edgerton as executor in 1912 required him to administer the estate and account therefor, and had he accepted the trust when the estate in 1914 was assigned, the liability of the surety of the executor would have extended only so far as he failed to account to himself as trustee. The bond given by Edgerton as trustee with the American Surety Company as surety was conditioned that Edgerton would make and return to the county court a true inventory of all the goods, chattels, rights, and credits assigned to the trustee and annually render an account therefor, "and adjust and settle his accounts with said court at the expiration of his trust and pay and deliver to the persons entitled thereto all balances, money, and property in his possession, and for which he is liable as such trustee." It is quite apparent that the liability of the surety upon this bond can be determined only by determining what part if any of the estate of the deceased came into the possession of Edgerton as trustee. While a trustee may estop himself in certain cases by acknowledging receipt of the estate, this is not such

a case. Edgerton as trustee could not by mere receipt discharge himself as executor. Edgerton continued to file his accounts after the giving of a bond as trustee in the same manner in which he had filed them before. The rights of the parties cannot be determined except upon an accounting which finds when the breaches of trust occurred. There was no settlement of the account as executor and no opening of an account as trustee. If the estate had in fact been dissipated by the executor and only a part came into the hands of Edgerton as trustee, the liability of the trustee may be affected accordingly. Edgerton and his surety could be liable for the dissipation of assets but once. If the assets were dissipated while Edgerton was executor, Edgerton and his surety would not be liable for his breach of trust as executor and also liable for the same breach of trust on the same transaction as trustee. If the entire estate was turned over to the trustee, then the executor and his surety would be discharged and the liability for breach of trust, if any, would be the liability of the trustee and his surety. *Crocker v. Dillon*, 133 Mass. 91, at p. 99.

What the trial court did was to ignore the fact that the liabilities were partly those of an executor and partly those of a trustee and hold Edgerton and the American Surety Company liable in both capacities for the full amount of the penal sum named in each bond, regardless of whether the breach of trust occurred while Edgerton was executor or trustee. Manifestly this form of accounting cannot be sustained. There are statements made in the course of the proceeding by the trial court which indicate that the court was of the view that if a breach of trust occurred during the term of the executor, at the close of the executorship the whole amount then due should be regarded as turned over to the trustee and Edgerton and his surety as trustee held for the full amount. As already pointed out, it is apparent

that if Edgerton was guilty of a breach of trust as executor, Edgerton as trustee did not receive the, whole estate, the surety never made good Edgerton's default as executor, and therefore Edgerton has never received the dissipated sums as trustee.

The bond given by the Employers' Liability Assurance Corporation is conditioned as follows: "Now, therefore, if the said B. G. Edgerton shall from April 29, 1930, faithfully execute the duties of the said trust according to law," etc. By the very terms of this bond the surety does not become liable except for breaches of trust which occurred subsequent to April 29, 1930. If prior to that date the estate had in fact been dissipated, the Employers' Liability Assurance Corporation was not liable therefor. As to breaches subsequent thereto the sureties on both bonds are liable. *Richter v. Estate of Leiby,* 101 Wis. 434, 77 N. W. 745; 2 Woerner, Administration (3d ed.) p. 841, § 255.

The trial court made an attempt to apply the rule that where a person who accepts appointment as executor is personally indebted to the estate of which he, becomes executor, his sureties are liable until the indebtedness to the estate is fully discharged. We are unable to find any authority for applying that principle to the situation presented by the facts in this case. Liability of the trustee, which was insured against by the surety, did not arise until there was a breach of trust, while in the case of liability of the executor to the estate the liability existed when the assurance was given. From a legal standpoint the liability in the one case bears no resemblance to the liability in the other. In the one case it arises out of a contract made, by the decedent prior to his death with the person who becomes executor, and in the other it arises out of a breach of duty as an officer of the court after the giving of the undertaking. If Edgerton as executor did not account for and pay over to himself

as trustee the full amount of the estate, then manifestly the trustee could be guilty of no breach of duty with respect to that part of the estate which he did not in fact receive.

*By the Court.*—The order and judgment appealed from is reversed, and cause remanded for further proceedings as indicated in the opinion.

A motion for a rehearing was denied, with $25 costs, on June 29, 1933.