436

ESTATE OF STELTER: FARR and another, Respondents, vs. SCHROEDER, Administrator, Appellant.

*October 9, 1933—January 9, 1934.*

For the appellant there was a brief by *Frawley, Stolts & Tronsdal* of Eau Claire, and oral argument by *William H. Frawley.*

For the respondents the cause was submitted on the brief of *Donald L. Farr* of Eau Claire.

The following opinion was filed November 7, 1933:

FAIRCHILD, J. Such proceedings were had during the process of settlement of the estate of Frederick Stelter as resulted in the removal of the executor nominated in the will

and the appointment by the county court of Henry Schroeder as administrator with the will annexed. Certain claims were filed against the estate, among them the claim of Farr and MacLeod for attorneys' fees. No property came into the hands of the administrator with the will annexed with which to pay the obligations of the estate. As to the claim of Farr and MacLeod the county court entered an order the material portions of which are as follows:

"It appearing to the court that said claim as filed is true and correct and that the services and disbursements mentioned and described therein were necessarily performed and furnished by the claimants for the said executor and estate in the administration of said estate and are reasonable in amount, to wit, in the sum of $390.50, and that no part thereof has been paid: Now, therefore, it is ordered and adjudged, that said claim be and is hereby allowed at said sum of $390.50 against said estate of Frederick Stelter, deceased, and in favor of said claimant, Farr and MacLeod, and that the same be paid out of said estate as a preferred claim as provided by section 313.03 of the Wisconsin Statutes."

The court did not find that there was property belonging to the estate with which to pay the claim in full, nor did it determine whether there is property out of which a portion of it may be paid. The fact, as disclosed by the record, is that there is no property in the hands of the appellant with which to pay any claim. The order amounts to an allowance of the claims of the attorneys for the executor and declares it to be one of the preferred class. Sec. 313.03 (2), Stats., reads:

"Upon the examination and allowance of such (preferred) claims the court shall forthwith order the executor or administrator to pay such claims, provided there are sufficient funds on hand to warrant such order. . . ."

There has been no determination as to the sufficiency of property out of which to pay the debt and until such order has been made and properly entered the personal liability of the appellant does not arise. Secs. 313.03, 313.13; *Roberts v. Weadock,* 98 Wis. 400, 74 N. W. 93. Nor does the order in question purport to "forthwith order the administrator

. . . to pay. . . ." It does no more than to allow the claim as a preferred claim under sec. 313.03. Under the circumstances there was no occasion to modify the order nor is such modification necessary for the relief of the administrator.

There was a motion by respondents to strike out certain pages of the bill of exceptions for the reason that they contain only evidence upon which the judgment of the county court was rendered on May 11, 1932. It was claimed by respondents that the return should include only the order appealed from and the papers on which it was granted. While it is true an appeal from an order cannot operate as an appeal from the judgment upon the merits, still where the application is for a new trial based on newly-discovered evidence, there would appear to be some necessity for having available means of determining whether the evidence is different from that which was presented at the trial, and a bill of exceptions on appeal for such a motion must be settled as in other cases. Secs. 270.49, 270.50.

*By the Court.*—Order affirmed; respondents to recover costs on this appeal. Appellant to have motion costs.

The following opinion was filed January 9, 1934:

Per Curiam (*on motion for rehearing*). The motion for rehearing directs our attention to secs. 313.13 and 313.16 of the Statutes and urges that the claim upon which the order was based was not under sec. 313.03, Stats. The fact that the record discloses no funds in the hands of the administrator with the will annexed out of which to pay the claim together with the order made by the county court did not create a situation where an order existed visiting personal liability upon the administrator or his bondsman. Our intention was to hold, and we did hold, that the county court's order could have no greater effect than to allow respondents' claim as a preferred claim against the estate. The mention of sec. 313.03 and the failure to mention secs. 313.13 and 313.16 does not affect the decision or justify a rehearing.

Motion denied, with costs.